USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ashu Shukla,

Plaintiff,

-against-

Deloitte Consulting LLP,

Defendant.

**1:19-cv-10578 (AJN) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

*Pro se* Plaintiff Ashu Shukla ("Shukla" or "Plaintiff") moves this Court for an Order remanding the action to the Supreme Court for the State of New York, County of New York, pursuant to 28 U.S.C. § 1447(c). (Mot. Remand, ECF No. 13.)[1] For the following reasons, Plaintiff's motion is DENIED.

**BACKGROUND**

This action was removed to this Court pursuant to a notice of removal after nearly ten months of contentious litigation in New York state court. (*See* Not. Removal, ECF No. 1.) Shukla, through his counsel at the time, had commenced an action on February 1, 2019 in the Supreme Court of the State of New York, County of New York, under Index Number 151144/2019 (the "State Action"). (Not. Removal Ex. A ("State Compl."), ECF No. 1-1.) The initial Complaint in the State Action asserted four causes of action under state law relating to Plaintiff's purported

[1] Plaintiff's Notice of Motion for remand, Affirmation in Support, Memorandum of Law and supporting exhibits all were scanned and filed as a single document under ECF No. 13. As a result, the Court's citation to this document will be in the format "Mot. Remand at XX" or "Mot. Remand Ex. X at XX," with "X" reflecting the exhibit letter and "XX" reflecting the ECF-generated pagination.

wrongful termination from employment at Defendant Deloitte Consulting LLP, including, *inter alia*, harassment discrimination, and retaliation. (State Compl. ¶¶ 44-58.) Thereafter, on August 7, 2019, Defendant moved to dismiss Plaintiff's Complaint pursuant to Section 3216 of the N.Y. Civil Practice Laws and Rules, due to Plaintiff's alleged failure to respond to discovery. (Not. Removal ¶ 4(a); Mot. Remand Ex. C ("State Docket") at 32.) On August 7, 2019 and August 9, 2019, respectively, Plaintiff[2] opposed Defendant's motion and filed a cross-motion to compel. (Not. Removal ¶¶ 4(b)-(c); State Docket at 32-33.) Defendant filed its reply on August 14, 2019. (Not. Removal ¶ 4(d); State Docket at 33.)

While these motions were pending, on September 12, 2019, Plaintiff filed an Amended Complaint in the State Action without seeking leave of Court before doing so. (Not. Removal Ex. D ("Am. State Compl."), ECF No. 1-4; State Docket at 34.) Plaintiff's Amended Complaint added "allegations related to gender and national origin discrimination, in violation of the New York State Human Rights Law ('NYSHRL') and New York City Human Rights Law ('NYCHRL')." (Not. Removal ¶ 5; Am. State Complaint ¶¶ 48-50, 56-59.) Thereafter, the parties engaged in additional motion practice, including Plaintiff's motions for default judgment against Defendant, Defendant's motion for a protective order and a proposed Order to Show Cause filed by Plaintiff. (Not. Removal ¶¶ 6(a)-(h); State Docket at 34-37.)

On October 2, 2019, Defendant moved to dismiss the Amended Complaint in the State Action on the ground of failure to state a cause of action. (Not. Removal ¶ 7; State Docket at 36.) Plaintiff responded on October 15, 2019 with a cross-motion for leave to amend, attaching a

[2] At this point in time, Plaintiff was proceeding *pro se*; the last filing from his attorney having been a letter to the state court filed on August 5, 2019. (*See* State Docket at 31.)

proposed Second Amended State Complaint. (Not. Removal ¶ 8; State Docket at 37; Not. Removal Ex. E ("2d Am. State Compl."), ECF No. 1-5.) The proposed Second Amended State Complaint added, for the very first time, federal claims, including (1) fraud, illegality and deprivation of rights under 18 U.S.C. § 1589 (2d Am. State Compl. ¶¶ 107-108); (3) conspiracy in violation of 18 U.S.C. § 1959 (*id*. ¶¶ 109-111); (3) retaliation in violation of 18 U.S.C. §§ 1512 and 1513 (*id*. ¶¶ 112-15); and (4) deprivation of rights under 18 U.S.C. § 242**.** (*Id*. ¶¶ 116-18.)

Defendant opposed Plaintiff's cross-motion to amend (Not. Removal ¶ 10; State Docket at 38), and on October 18, 2019, Plaintiff filed yet another a cross-motion for leave to amend his complaint, this time attaching a proposed Third Amended State Complaint. (Not. Removal ¶ 11; State Docket at 38-39; Not. Removal Ex. F ("3d Am. State Compl."), ECF No. 1-6.) Plaintiff's proposed Third Amended State Complaint added additional federal claims, including claims under Title VII of the Civil Rights Act ("Title VII") (3d Am. State Compl. ¶¶ 86-88, 93, 98-101, 105, 107), and claims under the Americans with Disabilities Act ("ADA"). (*Id*. ¶¶ 86, 98-101, 107.)

During a conference in the State Action held on October 30, 2019 (Not. Removal ¶ 13), and as confirmed via e-mail by the Principal Law Clerk to Justice James Edward D'Auguste of the Supreme Court, New York County, the parties were instructed not to engage in "further communications, filings or requests of any kind . . . to the court or to each other, subject to an order from the court." (Mot. Remand Ex. A ("10/30/19 State Court E-Mail") at 21-22.)

Before any of the aforementioned motions were decided, on November 14, 2019, Defendant filed a notice of removal to this Court. (Not. Removal; State Docket at 39.) On December 3, 2019, Plaintiff filed the instant motion for remand (Mot. Remand), and on December 4, 2019, Plaintiff filed a motion for leave to file an Amended Complaint in this Court,

attaching a Proposed Amended Complaint. (Mot. Amd., ECF No. 14; Mot. Amd. Ex. A ("Fed. Am. Compl."), ECF No. 14, at 10-49.) The federal Amended Complaint asserts numerous claims under federal law, including claims under Title VII, the ADA, 18 U.S.C. § 1589, 18 U.S.C. § 1959; 18 U.S.C. § 1512, 18 U.S.C. § 1513 and 18 U.S.C. § 242. (Fed. Am. Compl. ¶¶ 90-122.)

During a status conference before this Court on January 8, 2020, Defendant agreed to accept the Federal Amended Complaint as the operative pleading in this case, and Plaintiff consented to withdraw his motion for remand. (*See* 1/8/20 Orders, ECF No. 24 & 25.) However, on January 17, 2020, Plaintiff requested that his motion for remand be reinstated and the Court granted his request. (1/17/20 Pl. Ltr., ECF No. 30; 1/17/20 Order, ECF No. 31.) On February 14, 2020, District Judge Nathan approved the parties' written consent for me to enter a final order on the pending motion to remand, pursuant to 28 U.S.C. § 636(c). (Consent, ECF No. 38.)

## DISCUSSION

### I. Legal Standards

A case pending in state court can be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In other words, "a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (quoting *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005); citing 28 U.S.C. § 1441(b)). Moreover, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise,

of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

After a case has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The case can also be remanded "on the basis of any defect other than lack of subject matter jurisdiction." *Id*. The party asserting federal jurisdiction bears the burden of showing that subject matter jurisdiction exists in federal court and that removal was proper. *See, e.g., United Food & Comm. Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not 'be relieved of [its] burden by any formal procedure.'" (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (alteration in original))). "Unless that burden is met, the case must be remanded back to state court. At [the motion to remand] stage, [ ] the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000). Thus, when considering a motion to remand, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Sherman*, 528 F. Supp. 2d at 325 (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

## II. <u>Application</u>

Plaintiff objects to removal and argues that the case should be remanded to state court on various grounds: (1) Plaintiff asserts that Defendant waived its right to remove the State Action by (a) making dispositive motions, (b) participating in hearings before the state court, and

(c) violating the state court's prohibition on making any further filings; (2) Plaintiff asserts that the removal is procedurally defective; and (3) Plaintiff asserts that Defendant has engaged in "fraud and misrepresentation" and filed the notice of removal in bad faith. (Mot. Remand at 3-7, 9-11, 13-15.) Defendant responds that it properly removed the action "within thirty days of the first pleading, motion, order, or other paper from which it could first be ascertained that this action became removable." (Def.'s Mem., ECF No. 34, at 1.) In addition, Defendant disagrees that it waived its right to remove since the parties were still engaging in disputed paper discovery, argues that its notice of removal was not defective, and argues that it did not act in bad faith. (Def.'s Mem. at 6-10.) On reply, Plaintiff argued, for the first time, that because Defendant opposed his motion to amend his pleading and add federal claims, there was no operative pleading with federal claims at the time of removal, and that, as such, the Court lacks jurisdiction. (Pl.'s Reply, ECF No. 35, at 6-7.)

**A. Defendant's Removal Was Done In Compliance With The Relevant Statute**

As an initial matter, this Court finds that Defendant complied with the removal statute when removing this action. The removal statute allows for an action to be removed from state court if it asserts a federal question, 28 U.S.C. § 1441(a), no more than 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As set forth in Defendant's notice of removal and Plaintiff's reply in support of his motion for remand, Plaintiff's original State Action complaint did not assert federal claims. (Not. Removal ¶¶ 1, 9; Pl.'s Reply at 5; State Compl.) Instead, the first pleading in this action asserting federal claims was the proposed Second Amended State Complaint, filed on October 15, 2019.

(Not. Removal ¶¶ 8-9; Pl.'s Reply at 5-6; 2d Am. State Compl.) On November 14, 2019, the notice of removal was filed commencing the action in this Court exactly 30 days later. (Not. Removal; Def.'s Mem. at 5.) The Court finds that removal was timely and in accordance with the removal statute.

The Court will next address Plaintiff's other arguments in support of his motion to remand, *i.e*., waiver, purported defects in removal and Defendant's alleged bad faith.

**B. Defendant Did Not Waive Its Right To Removal**

Plaintiff argues that Defendant waived its right to remove by litigating the State Action before the notice of removal was filed, including by filing dispositive motions. (Mot. Remand at 4, 13-14.) It is true that "some courts have held that a defendant that makes a dispositive motion in the underlying state court proceeding prior to filing a notice of removal waives the right to remove the case to federal court." S*temmle v. Interlake Steamship Co*., 198 F. Supp. 3d 149, 157 (E.D.N.Y. 2016) (citing *Hill v. Citicorp*, 804 F.Supp. 514, 517 (S.D.N.Y. 1992); *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989)). However, courts have limited this waiver exception to "'extreme situations' in which a defendant's actions evince a 'clear and unequivocal' intent to remain in state court." *Stemmle*, 198 F. Supp. 3d at 157; *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 356, 366 (S.D.N.Y. 2005) ("While a 'federal court is bound to consider the stage of the state court litigation in ruling on a motion to remand' the mere fact that an action has progressed in state court does not require remand absent some other basis."). Furthermore, "[w]here a defendant makes a dispositive motion to dismiss a complaint in the state court proceedings *before* it is apparent that the plaintiff's claims are

removable, courts have declined to find that the defendant waived its right to removal." *Stemmle*, 198 F. Supp. 3d at 157-58 (emphasis added).

In the present case, Plaintiff filed his first proposed pleading asserting federal claims on October 15, 2019 as a cross-motion to Defendant's already-pending motion to dismiss. (State Docket at 37; *see also* 2d Am. State Compl.) Although Defendant opposed Plaintiff's cross-motion for leave to amend in the State Action by letter dated October 17, 2019 (Pl.'s Reply Ex. A ("10/17/19 Ltr. Opp."), ECF No. 35-1, at 15-18), Defendant made no dispositive motions after Plaintiff filed his proposed Second Amended State Complaint. (*See* State Docket at 37-39.) A Defendant does not waive its right to remove or show an intent to litigate when "their action in state court is merely defensive, such as responding to" motions. *Hill*, 804 F. Supp. at 517. The motion to dismiss that was made *before* Plaintiff asserted federal claims does not act as a waiver of Defendant's right to remove.

Plaintiff argues that Defendant also waived its right to remove when it appeared at and participated in the October 30, 2019 conference before Justice D'Auguste's Principal Law Clerk. (Mot. Remand at 4.) As discussed above, waiver might be found where a defendant has "demonstrate[d] an intention to litigate in the state forum," *Hill*, 804 F. Supp. at 517, but Defendant's appearance in state court on October 30, 2019 does not demonstrate an intention to litigate the State Action. Indeed, Defendant asserts that it raised its intention to remove the State Action to federal court at the October 30, 2019 conference, and that the Principal Law Clerk discussed removal with Plaintiff.[3] (Def.'s Mem. at 2, 9.)

---

[3] Plaintiff disputes that the Law Clerk discussed removal with him, but does not expressly dispute that Defendant raised removal during the conference. (*See* Pl.'s Reply at 11.)

Finally, Plaintiff argues on reply that there was no operative pleading with federal claims at the time of removal because Defendant opposed his motions to amend in the State Action and disagreed that the federal claims had merit. (Pl.'s Reply at 5-7.) However, it is not necessary for a pleading to be meritorious, or for a Defendant to agree with the allegations contained therein, in order for removal to be proper. *See Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 153, 157 n.4 (2d Cir. 1996) (affirming order dismissing action after removal instead of considering Plaintiff's motion for remand, as "[r]emoval does not waive any 12(b) defenses").

For these reasons, the Court finds that Defendant did not waive its right to remove this action, and remand is not appropriate.[4]

**C. <u>Defendant's Notice Of Removal Did Not Contain Defects</u>**

Plaintiff next argues that Defendant's notice of removal was defective because (1) it "failed to mention that [Defendant was] served a true copy of [the] Summon[s] and Complaint on February 5th 2019" and failed to attach the affidavit of service (Mot. Remand at 5); (2) it failed to attach or mention a previously-filed RJI or case management schedule (*id*.); (3) the notice did not attach copies of the pending motions (*id*. at 6); (4) the notice and the civil cover sheet filed in this Court only listed this case as relating to "employment," rather than to employment, the ADA and civil rights (*id*. at 6-7); and (5) the notice of removal was filed without consent from Plaintiff or the court. (*Id*. at 7.)

[4] Plaintiff also claims that Defendant's alleged waiver is related to the state court's e-mail prohibiting the parties from engaging in "further communications, filings or requests of any kind . . . to the court or to each other, subject to an order from the court." (Mot. Remand at 4; *see also* 10/30/19 State Court E-Mail.) The Court addresses the state court's e-mail in Section II.D, *infra*.

Section 1447(c) allows for a plaintiff to move to remand a case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days of the notice of removal being filed. 28 U.S.C. § 1447(c). Here, because plaintiff timely raised his objection within thirty days after the notice of removal was filed, the issue of alleged defects is properly before the Court. The "defects" contemplated by Section 1447(c) include "untimely removal," *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995); not attaching the pleadings or other required documents, *Matter of Proceeding for Support under Family Court Act*, No. 17-CV-06030, 2017 WL 5195228, at *2 (E.D.N.Y. Nov. 9, 2017); a notice of removal that is supported by insufficient facts "to demonstrate federal subject-matter jurisdiction;" and not signing the notice of removal. *See Shiboleth LLP v. Buhannic*, 779 F. App'x 57, 58 (2d Cir. 2019) (summary order).

The procedure of a notice of removal is governed by Section 1446, which requires the defendant to include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). In the present case, the notice of removal included all the required information and documents pursuant to the removal statute.

For its "short and plain statement of the grounds for removal," Defendant stated that the Second Amended Complaint, filed October 15, 2019, alleged causes of action arising under federal law and was "the first amended pleading, motion, order or other paper received by defendant from which it may be ascertained that the case is one which is, has or may become removable" and "[t]his Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States." (Not.

Removal ¶¶ 9, 16, 18.) Thus, the Court finds that the "short and plain statement of the grounds for removal" requirement was met.

In addition, as required, Defendant attached copies of "all process, pleadings, and orders served upon" it. 28 U.S.C. § 1446(a). Specifically, the notice of removal attached,

> (1) as Exhibit A, the original state summons and complaint along with a service notice to Defendant from the Department of State (*see* State Compl.);
>
> (2) as Exhibit B, Defendant's verified answer and affirmative defenses dated March 27, 2019 (*see* Not. Removal Ex. B, ECF No. 1-2);
>
> (3) as Exhibit C, the Preliminary Conference Order issued by Justice D'Auguste on June 19, 2019 (*see* Not. Removal Ex. C, ECF No. 1-3);
>
> (4) as Exhibit D, Plaintiff's summons and amended complaint, dated September 12, 2020 (*see* Am. State Compl.);
>
> (5) as Exhibit E, Plaintiff's proposed second amended complaint, dated October 15, 2019 (*see* 2d Am. State Compl.);
>
> (6) as Exhibit F, Plaintiff's proposed third amended complaint, dated October 17, 2019 (see 3d Am. State Compl.); and
>
> (7) as Exhibit G, a print-out of the State Action docket from commencement through October 18, 2019. (*See* Not. Removal Ex. G, ECF No. 1-7.)

The State Docket does not reflect any process, pleadings or orders that were omitted from Defendant's notice of removal, and the Court finds no defect.

Plaintiff's additional allegations of defect are meritless. As to Defendant's purported failure to mention the date of service or attach an affidavit of service, Defendant attached to its notice of removal a copy of the Department of State service notice, showing that service of the State Complaint was made on February 5, 2019. (State Compl.) Even so, the pertinent date of service of "process," as required by the removal statute, is October 15, 2019, when the proposed Third Amended State Complaint was filed via NYSCEF, the state electronic filing system. Service

through NYSCEF constitutes service in e-filed actions, such as the State Action. 22 NYCRR § 202.5-b(f)(2)(ii) ("Service of interlocutory documents in an e-filed action. . . . An e-filing party causes service of an interlocutory document to be made upon another party participating in e-filing by filing the document electronically"); *see also Masterson v. NY Fusion Merch.*, LLC, 300 F.R.D. 201, 205 (S.D.N.Y. 2014) ("In cases assigned to the ECF system, service [of an amended pleading] is complete when a NEF is transmitted to all parties."). Thus, the Court finds that all "process" was appropriately included in Defendant's notice of removal.

The other alleged defects are similarly unavailing. Contrary to Plaintiff's arguments (Mot. Remand at 5-7), Defendant *did* attach the case management order at Exhibit C. (*See* 6/19/19 Order.) Defendant was not required to attach the Request for Judicial Intervention, as that is not a pleading. Nor was Defendant required to attach copies of pending motions. The statute only requires the Defendant to attach process, pleadings and orders. *See* 28 U.S.C. § 1446(a). However, even if these documents were required, Plaintiff himself attached them to his motion for remand and reply, "and the Court does not regard the initial omission as an adequate basis for remand." *Hearst Magazines v. Stephen L. Geller, Inc.*, No. 08-CV-11312 (LLS), 2009 WL 812039, at *3 (S.D.N.Y. Mar. 25, 2009). Finally, nothing in the removal statute requires Defendant to obtain consent from Plaintiff or the Court before filing a notice of removal, and the civil cover sheet in this case is not defective. Thus, there is no basis to remand this action to state court due to alleged defects.

**D. <u>The Court Finds No Fraud, Misrepresentation Or Bad Faith</u>**

Plaintiff's allegation of bad faith relates largely to his perception that, at the time the removal was filed, the state court was going to issue a ruling or rulings that were favorable to

Plaintiff. (*See* Mot. Remand at 7.) However, Plaintiff's belief that he would prevail on one or more motions in the State Action is not a reason for remand to state court.

Plaintiff also argues that the notice of removal was filed in contravention of the state court's prohibition from filing documents. (Mot. Remand at 8-11.) While there is no indication that the state court's proscription from filing ever was reduced to an order, it appears that the state court simply was trying to put a stop to the dizzying proliferation of filings in a two-month period, including four motions, five cross-motions, countless exhibits and various letters. (*See* State Docket at 32-39; 10/30/19 State Court E-Mail.) Surely, the state court was not attempting to prevent the Defendant from exercising its rights under federal law.

Because the Court finds that Defendant had a valid basis to remove this action, and that Defendant did so timely and without defect, Defendant was not acting in bad faith by exercising its right to litigate federal claims in federal court. *See Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 356 (2d Cir. 1995) ("In recognition of the fact that, in the initial choice of forum, only plaintiffs have the opportunity to select the federal court, the statute conferring the right to remove on defendants is designed to allow defendants the same opportunity. In this manner, both sides have been offered the opportunity to select the federal court in cases within its original jurisdiction. . . . [T]he statutory purpose [gives] each side the opportunity to require that a case within the original jurisdiction of the federal courts be tried there.").

The Court understands Plaintiff's frustration with the change in venue, after having engaged in protracted motion practice in the State Action and nearly ten months after the case was commenced. (*See* Mot. Remand at 16; Pl's Reply at 12-13.) However, Plaintiff is the architect

of this situation since he amended his state court pleading to add multiple federal claims, thereby entitling Defendant to remove the case to this Court.

While Plaintiff is correct that the state court has jurisdiction over the state law claims (*see* Pl.'s Reply at 4), the federal court also has jurisdiction over the state law claims, given Plaintiff's inclusion of federal law claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *See also Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (describing Section 1441(c) as "explicitly providing discretionary removal jurisdiction over entire case where federal claim is accompanied by a 'separate and independent' state-law claim."). In any event, this argument is moot, as the state court was divested of jurisdiction upon removal.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

Dated: New York, New York
February 27, 2020

**SO ORDERED**.

______________________________
**STEWART D. AARON**
**United States Magistrate Judge**