

BOSTON    CONNECTICUT    FLORIDA    NEW JERSEY    NEW YORK    WASHINGTON, DC

**GREGORY S. TABAKMAN**
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8020 F: (973) 273-4594
gtabakman@daypitney.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/26/2020
```

September 24, 2020

**VIA ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street – Courtroom 11C
New York, NY 10007

    Re:  *Shukla v. Deloitte Consulting LLP*
          **Civil Action No. 1:19-cv-10578 (AJN) (SDA)**

Dear Judge Aaron:

    This Firm represents defendant Deloitte Consulting LLP ("defendant") in the above-referenced matter. Pursuant to plaintiff's submissions to this Court (ECF Nos. 80, 83) and his communications with defense counsel, we understand that plaintiff intends to file a fourth amended complaint in Federal Court in response to defendant's Motion to Dismiss plaintiff's Third Amended Complaint ("Motion") (ECF No. 56). As set forth in more detail below, plaintiff is not entitled to amend his complaint as of right, and defendant respectfully requests the Court bar plaintiff from filing another amended complaint at this time – which would be his **seventh** amendment to the original complaint in this action.

    A.    **Relevant Procedural History**

    The relevant procedural history related to plaintiff's complaints is as follows:

- On February 1, 2019, plaintiff filed his initial complaint in the Supreme Court of New York, County of New York, alleging disability discrimination under the New York State Human Rights Law ("NYSHL") and New York City Human Rights Law ("NYCHRL") (the "State Court Action") (ECF No. 1, ¶ 1);

- On or about September 18, 2019, plaintiff filed an Amended Complaint in the State Court Action adding allegations of gender and national origin discrimination under the NYSHRL and NYCHRL (*Id.*, ¶ 5);

- On October 15, 2019, plaintiff filed a Second Amended Complaint in the State Court Action, alleging various violations of federal criminal law (*Id.*, ¶¶ 8, 16);

106532079.4

**DAY PITNEY** LLP

The Honorable Stewart D. Aaron, U.S.M.J.
September 24, 2020
Page 2

- On October 18, 2019, plaintiff filed a Third Amended Complaint in the State Court Action, alleging violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (*Id.,* ¶ 17);

- On November 14, 2019, defendant removed this matter to this Court (*See id.*, generally);

- On December 4, 2019, plaintiff filed a Notice of Motion for Leave to File First Amended Complaint in Federal Court (ECF No. 14) (**the fourth amended complaint in this lawsuit**). On January 8, 2020, the parties appeared before the Court to discuss, among other things, a briefing schedule for defendant to move to dismiss plaintiff's First Amended Complaint in Federal Court. The Court set the First Amended Complaint in Federal Court as the operative complaint for a briefing schedule for defendant's motion to dismiss (ECF Nos. 25, 29);

- On February 24, 2020, in response to defendant's motion to dismiss, plaintiff filed, as attachments to his opposition, a motion to amend his complaint and a Second Amended Complaint (ECF No. 39) (**the fifth amended complaint in this lawsuit**). Defendant submitted a reply that noted that, although plaintiff improperly filed the Second Amended Complaint, defendant's brief would address it (ECF No. 45, n.3). On June 15, 2020, the Court partially granted defendant's motion to dismiss, and permitted plaintiff to file an amended complaint in accordance with the Court's Opinion and Order (ECF No. 48);

- On July 17, 2020, plaintiff filed a Third Amended Complaint (ECF No. 53-2) (**the sixth amended complaint in this lawsuit**), which is currently subject to defendant's motion to dismiss (ECF No. 56).

**B.   Plaintiff Should be Barred from Filing a Fourth Amended Complaint in Federal Court (which would be his Seventh Amended Complaint)**

The Federal Rules permit plaintiff to amend his complaint "**once** as a matter of course" within 21 days of serving it or service of a motion to dismiss pursuant to Rule 12(b)(6). *See Fed. R. Civ. P.* 15(a)(1)(2) (emphasis added). Not including the amendments filed in the State Court Action, plaintiff has already filed **three** amended complaints in this Court and it has been more than 21 days since defendant filed its Motion. Plaintiff is prohibited from further amending his complaint as a matter of right. *See Burke v. Verizon Commns.*, 18-cv-4996 (PGG) (GWG), 2020 WL 4741043, at *5 (S.D.N.Y. Aug. 17, 2020) ("Because [plaintiff] has already filed an amended complaint, *Fed. R. Civ. P.* 15(a)(1) does not permit him to amend his complaint as of right.").

Instead, plaintiff may only amend his complaint "with consent of the opposing parties or with leave of the court" pursuant to *Fed. R. Civ. P.* 15(a)(2). It is within the Court's discretion to deny such leave where there is "good reason." *Id*. "Good reason" involves analyzing four factors: undue delay, bad faith, futility of amendment, **or** undue prejudice. *Id*. "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Lucente v. Int'l Business Machines Corp.*, 310 F.3d 243, 258

106532079.4

**DAY PITNEY** LLP

The Honorable Stewart D. Aaron, U.S.M.J.
September 24, 2020
Page 3

(2d Cir. 2002). In addition, where a plaintiff is "extremely litigious," leave to amend the complaint may be inappropriate. *Iwachiw v. New York City Bd. of Educ.*, No. 00-cv-2341 (JFB) (WDW), 2007 WL 433401, at n. 5 (E.D.N.Y. Feb. 5, 2007) (finding plaintiff's "extremely litigious nature" weighed against opportunity to amend when plaintiff filed nine separate complaints in the E.D.N.Y. and four separate complaints in New York State court); *Knatz v. Stanton*, No. 84-cv-6250 (WCC), 1986 WL 10275 (S.D.N.Y. Sept. 9, 1986) (holding, in part, inappropriate to grant leave to amend because plaintiff is "extraordinarily litigious," filing eight cases in the S.D.N.Y. and E.D.N.Y over two years).

Here, plaintiff has had many opportunities to amend his complaint to add allegations and aiding and abetting claims. Each time plaintiff has amended his complaint, defendant has been prejudiced by spending resources to respond, only for plaintiff to file another amended complaint. The cyclical nature of these complaints continues to cause undue delay, even as plaintiff requests that discovery proceed. Moreover, plaintiff's recent submission to the Court indicates that he plans to include allegations of post-termination conduct. (ECF No. 83 at 7-10). Not only are these allegations wholly irrelevant to his employment discrimination action, they include frivolous allegations of "biochemical/medical manipulation devices" used against him and witness tampering. *Id.* These allegations are the kinds that courts in this Circuit, including the SDNY in a recent case involving the same parties, have dismissed as "irrational" and denied leave to amend because such amendments would be futile. *See Shukla v. Deloitte Consulting LLP, at al.*, 20-cv-5701(ALC), 2020 WL 4431996, at *3 (S.D.N.Y. July 31, 2020) (dismissing complaint *sua sponte* as "irrational" and denying leave to amend because claims could not be cured by amendment); *Glass v. United States Presidents Since 1960*, 17-cv-3141 (JS) (AYS), 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding plaintiff's allegations "rise to the level of irrational" and denied opportunity to amend). Finally, not only has plaintiff already filed seven complaints in this single-plaintiff employment action within the last 20 months, and the separate SDNY action noted above, he has also filed several other lawsuits and/or charges in the same timeframe. *See Shukla v. Richardson*, Civil Action No. 3:19-cv-18117-MAS (D.N.J.); *Shukla v. Deloitte Consulting LLP*, Civil Action No. 3:20-cv-09274-MAS-TJB (D.N.J) (voluntarily dismissed on or about August 6, 2020); a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights, EEOC Charge No. 520-2019-04110; and a charge of discrimination against Apple with the EEOC and the California Department of Fair Employment & Housing, EEOC Charge No. 556-2020-00798.

Since defendant removed this case to Federal Court, plaintiff has not obtained any "new" information that warrants an amendment because of new facts learned or evidence obtained. Indeed, this Court provided plaintiff a chance to amend his complaint in response to its Opinion and Order dated June 15, 2020, which partially granted defendant's first motion to dismiss (ECF No. 48 at 32). Plaintiff thereafter filed an amended complaint on July 17, 2020 (ECF No. 53-2). It is defendant's position that plaintiff has exhausted his opportunity to amend the complaint and respectfully submits that the Court should bar plaintiff from further amendments at this time.

106532079.4

**DAY PITNEY** LLP

The Honorable Stewart D. Aaron, U.S.M.J.
September 24, 2020
Page 4

                                            Respectfully submitted,

                                            Gregory S. Tabakman

cc: Ashu Shukla, plaintiff *pro se* (via ECF)

ENDORSEMENT: The Court has reviewed the parties' correspondence (ECF Nos. 87 & 88). Based upon the current schedule, Plaintiff shall file his opposition to Defendants' 8/7/20 motion to partially dismiss the Third Amended Complaint no later than 9/28/20, and Defendants shall file their reply no later than 10/19/20, as agreed by the parties (*see* Plaintiff's 9/24/20 Ltr., ECF No. 86). If Plaintiff seeks to file a Fourth Amended Complaint, he must seek leave to do so by separate motion properly filed pursuant to Rule 15 of the Federal Rules of Civil Procedure. SO ORDERED.
Dated: 9/26/2020