USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Ashu Shukla,

                Plaintiff,

-against-

Deloitte Consulting LLP,

                Defendant.

1:19-cv-10578 (AJN) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Before the Court is a renewed request by *pro se* Plaintiff Ashu Shukla that I recuse myself from this action. (*See* 9/30/20 Letter, ECF No. 95.) While Plaintiff's previous request references letters in which Plaintiff took issue with the Court's June 15, 2020 Opinion and Order, granting in part and denying in part Defendant's motion to dismiss the Second Amended Complaint, and in which he raised a variety of allegations against Defendants (*see* 8/31/20 Letter, ECF No. 67), the instant Letter goes further in suggesting that the undersigned is either politically motivated or unduly influenced by Defendants. The Court will construe Plaintiff's request as a motion for disqualification, pursuant to 28 U.S.C. §§ 144 and 455. For the reasons set forth below, Plaintiff's request is DENIED.

    "Recusal motions are committed to the discretion of the judge who is being asked to recuse himself." *Weston Capital Advisors, Inc. v. PT Bank Mutiara Tbk.*, No. 13-CV-06945 (PAC), 2019 WL 6002221, at *2 (S.D.N.Y. Sept. 20, 2019) (citing *Apple*, 829 F.2d at 333). Section 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455. Additionally, Section 455(b)(1) requires recusal where

a judge has a personal bias or prejudice concerning a party. *Id.* 28 U.S.C. § 144 provides that a judge should recuse himself when the party has filed a "timely and sufficient affidavit" showing that the judge has a personal bias or prejudice against the party or in favor of an adverse party. 28 U.S.C. § 144. Here, Plaintiff did not file such an affidavit; however, and in any event, the Court's analysis under this Section 144 is the same as under Section 455(b)(1). *See Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 332 (2d Cir. 1987).

"The Second Circuit has interpreted 28 U.S.C. § 455 to require recusal if 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, if 'a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned[.]'" *Weston Capital Advisors Inc.*, 2019 WL 6002221, at *2 (quoting *United States v. Yousef,* 327 F.3d 56, 169 (2d Cir. 2003)). "[J]udicial rulings alone almost never constitute a valid basis for bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994); *see also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

Moreover, "[t]he Court has an affirmative duty not to disqualify itself unnecessarily." *Weston Capital Advisors,* 2019 WL 6002221, at *3 (citing *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966)). "[R]ecusal is not warranted for remote, contingent, or speculative reasons." *United States v. Ahmed*, 788 F. Supp. 196, 202 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992) (citations omitted). "Any other rule would bestow upon litigants the power to force the disqualification of judges who are not to their liking." *Id*. "While litigants are entitled to an impartial judge, they have no right to the judge of their choice." *Id*.

Here, Plaintiff's disagreements with Court's decision on Defendant's previous motion to dismiss, in which he contends that the Court overlooked certain facts pertinent to his case, or with other of this Court's decisions to date, are not legitimate grounds for recusal. Plaintiff's additional contentions—that the Court is "politically motivated" and somehow controlled by an attorney for Defendant—are not only speculative, but also baseless. The Court is "confident that it is unbiased in both fact and appearance." *Barter House, Inc. v. Infinity Spirits, LLC*, No. 17-CV-09276 (PAE), 2019 WL 3554584, at *16 (S.D.N.Y. Aug. 5, 2019). Notably, the Court denied Defendant's motion to dismiss Plaintiff's claim under the New York City Human Rights Law and discovery already has commenced with respect to that claim. In addition, the Court granted Plaintiff leave to replead his other claims.

To the extent that Plaintiff takes issue with the Court's treatment of the additional factual allegations that he has included in numerous letters filed with the Court, there is no basis for the Court to consider these allegations at this time. Plaintiff was provided the opportunity to include additional allegations in a Third Amended Complaint, which he filed on July 17, 2020 (*see* Third Am. Compl., ECF No. 53-2), and Plaintiff's motion for leave to file a Fourth Amended Complaint is pending before the Court. Moreover, Plaintiff will have the opportunity to present relevant evidence in support of his claims at the appropriate time following the conclusion of discovery. In sum, I am confident that a "reasonable person, knowing all the facts," would not question my impartiality in this action. Accordingly, Plaintiff's motion is denied.

**SO ORDERED.**

DATED:   New York, New York
         October 5, 2020

                                                                                  _____
                                                                                   STEWART D. AARON
                                                                                   United States Magistrate Judge