

BOSTON    CONNECTICUT    FLORIDA    NEW JERSEY    NEW YORK    WASHINGTON, DC

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2020
```

**GREGORY S. TABAKMAN**
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8020 F: (973) 273-4594
gtabakman@daypitney.com

November 3, 2020

ENDORSEMENT: The Court shall hold a telephonic conference to address Defendant's requests contained in this letter on Monday, 12/7/2020, at 10 a.m. The parties each shall call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745 at the scheduled time. SO ORDERED.

Dated: 11/17/2020

**VIA ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street – Room 190
New York, NY 10007

  Re: *Shukla v. Deloitte Consulting LLP*
    <u>Civil Action No. 1:19-cv-10578 (AJN) (SDA)</u>

Dear Judge Aaron:

  This Firm represents defendant Deloitte Consulting LLP ("defendant") in the above-referenced matter. We write regarding the failure of *pro se* plaintiff, Ashu Shukla, to comply with this Court's Orders and re-produce his initial document production to defendant without redactions. We respectfully request the Court again order plaintiff to produce the redacted documents in his initial production in unredacted form and sanction him for his violations of the Court's Orders.

  As the Court may recall, pursuant to the Court's September 7, 2020 Order, defense counsel and plaintiff conducted a "meet and confer" teleconference on September 24 and then submitted letters to the Court outlining their respective positions on the outstanding discovery issues. (*See* ECF Nos. 101, 110). As noted in defendant's letter dated September 30, defendant understood that plaintiff agreed to provide an unredacted version of the documents in his initial document production that contained Deloitte corporate, client, or employee information (including communications with Deloitte employees or clients) to defendant, though no timetable was set. (ECF No. 101 at 7). In plaintiff's response dated October 7, he did not dispute the summary of the parties' discussion or object to his production of unredacted documents. (ECF No. 107, generally). On October 13, 2020, the Court issued an Order that required plaintiff, by October 27, to "produce to Defendant unredacted versions of any documents he previously produced with redactions, subject to the terms of the Protective Order to be entered in this action." (ECF No. 120, ¶ 5). The Court also noted that plaintiff's "further failures to comply with Orders of the Court may result in sanctions." (*Id.*, ¶ 8). On October 21, the Court entered a Protective Order and issued a second Order requiring plaintiff to produce unredacted versions of any documents previously redacted by October 27 (ECF Nos. 132, 133).

**DAY PITNEY LLP**

The Honorable Stewart D. Aaron, U.S.M.J.
November 3, 2020
Page 2

      At 8:35 PM on October 27 – the evening he was to make his unredacted production – plaintiff sent a letter to defense counsel that made clear he would not produce any unredacted documents as required. (*See* **Exhibit A**). On the following day, the undersigned responded to plaintiff's letter and detailed plaintiff's failure to comply with the Court's Orders, the procedural history related to this issue, and requested that plaintiff comply with the Court's Orders by Friday, October 30. (*See* **Exhibit B**). To date, we have not received any further response from plaintiff.[1]

      Plaintiff has violated two separate Orders of this Court without any reasonable justification and without communicating a legitimate basis for his failure to comply. Despite plaintiff's repeated assertions that defendant seeks to delay this matter, plaintiff has caused delay with his flurry of filings and his failure to abide by the Court's Orders. Therefore, defendant respectfully requests the Court again mandate production of this information and sanction plaintiff as the Court deems appropriate, including but not limited to the fees defendant incurred communicating with plaintiff and seeking relief from the Court on this issue, for his violations of the Court's Orders.

      Respectfully submitted,

      Gregory S. Tabakman

Enclosures

cc:   Ashu Shukla, plaintiff *pro se* (via ECF)
      Heather Weine Brochin, Esq. (via ECF)

---

[1] On Sunday, November 1, after plaintiff already advised defense counsel he was not going to comply with the Court's Order, plaintiff filed a single-page letter to the Court that is unrelated to the redaction issue but states that plaintiff is "currently under medical screening with no access to his computer or internet." (ECF No. 138). While defendant is sympathetic to plaintiff's health situation, plaintiff must have had access to a computer and/or the internet to file this letter and he still has not responded to our request or requested an extension of the deadline to serve an unredacted version of his document production.

106838594.2