UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/20

Ashu Shukla,

            Plaintiff,

–v–

Deloitte Consulting LLP,

            Defendant.

19-cv-10578 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Ashu Shukla filed an Emergency Motion for a Permanent Injunction or Temporary Restraining Order claiming that Defendant Deloitte Consulting LLP has been attacking him with chemical and biomedical devices, harassing and threatening him online, along with other forms of abusive contact, and asks the Court to enjoin Defendant from engaging in this conduct. The Court finds that Plaintiff has not made the requisite showing for injunctive relief and denies his motion. The Court grants Plaintiff's request to seal documents submitted with the motion.

    **I.    Background**

    Plaintiff Ashu Shukla filed a Complaint on February 1, 2019 against Defendant Deloitte Consulting Group LLP, his former employer, alleging harassment, discrimination, hostile work environment and wrongful termination under state law. *See* Dkt 1. Defendant removed the case to this Court on November 14, 2019. *See id.*

    On September 30, 2020, Plaintiff filed an Emergency Motion for a Preliminary Injunction and / or Temporary Restraining Order requesting, *inter alia*, that the Court enjoin Defendant from "biochemical/medical manipulation of the plaintiff", "cyber harassment campaign against the plaintiff," "cyber bulling of the plaintiff," and "all other forms of abusive conduct or contact

1

with the plaintiff." Dkt 96. Plaintiff alleges that Defendant "attacked the plaintiff numerous times in the past 6-months, causing him bodily injury, constant stress, sleepless nights, and emotional distress." Pl. Mot. 4, Dkt 97. He further claims Defendant has "tried to entangle the plaintiff numerous times in their malicious money laundering scheme, and possible recruitment for sexual services," and that, in retaliation for Plaintiff's refusal to participate, Defendant has continually "attacked the plaintiff with biochemical / medical devices and weapons." *Id*. These devices include "remote operated ultrasound irritant equipment, remote operated ray emitting gun, remote operated manipulation devices placed inside Plaintiff's home, and hand held taser or laser weapons," causing him serious injuries. Affirmation in Support ("Pl. Dec.") ¶ 10, Dkt 98. He also claims that Defendant has employed an FBI Agent to assist in these attacks. *See id*. ¶ 8.

Additionally, Plaintiff says that Defendant has "maintained a constant 'Cyber Bullying Campaign' against plaintiff" and threatened him "over the internet with death, or near death like experiences," and has "mocked or ridiculed his life situation and demographics numerous times." Pl. Mot. 5. Plaintiff alleges that Defendant has been sending him harassing messages to his phone and computer, including messages that resemble ads for CBD products. *See, e.g.,* Pl. Dec. ¶¶ 106-107. He also claims that Defendant created fake news stories on news websites such as CNN in order to threaten and intimidate him. *See, e.g.,* Pl. Dec. ¶¶ 96-99. For example, he alleges that news stories which reported that Kanye West was running for president were fabricated by Defendant. *Id.* at ¶ 96.

Plaintiff also filed a motion to seal various documents submitted with his emergency motion, arguing that the documents contained confidential business information and sexually explicit pictures. *See* Dkt 100.

On October 15, 2020, Defendant filed an opposition to Plaintiff's Motion denying that it has engaged in any of the alleged conduct and arguing that Plaintiff has not stated a claim for injunctive relief. *See* Dkt 116. Plaintiff filed a reply on October 19, 2020. *See* Dkt 126.

## II. Analysis

In order to receive a preliminary injunction or temporary restraining order, Plaintiff must demonstrate "1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and 3) that the public's interest weighs in favor of granting an injunction." *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010). A preliminary injunction or temporary restraining order is a drastic remedy and should not be granted "unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (emphasis in original).

In his motion, Plaintiff describes an extreme and unlikely scenario where Defendant company is engaging in regular biochemical attacks on him, a former employee, and generating purportedly fake news stories on the internet to harass him. Nothing in the Plaintiff's papers substantiates these extreme allegations. Accordingly, there is no basis for the Court to conclude that Plaintiff will suffer irreparable harm in the absence of the Court's intervention and therefore Plaintiff's motion for injunctive relief is denied.

The Court grants Plaintiff's request to seal certain documents attached to the motion. Plaintiff has demonstrated that these documents raise privacy concerns that overcome the presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

## III. Conclusion

Plaintiff has not shown a reasonable possibility that Defendant is attacking him with chemical weapons, harassing him online, or engaging in any other abusive conduct. Because he has not met the high burden of showing he is clearly entitled to injunctive relief, his motion is DENIED. Plaintiff's request to seal is GRANTED. This resolves docket numbers 96 and 100.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 19, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge