UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ashu Shukla,

                Plaintiff,

-against-

Deloitte Consulting LLP,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020

1:19-cv-10578 (AJN) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Following a telephone conference with the parties held on Monday, December 7, 2020, for the reasons stated on the record, the Court hereby ORDERS as follows:

1. On November 20, 2020, Plaintiff filed two motions for reconsideration. (*See* Pl.'s Reconsid. Mots., ECF Nos. 146 & 149.) Both motions request that the Court reconsider its Order dated October 13, 2020 (ECF No. 120).[1] In the first of those motions for reconsideration (ECF No. 146), Plaintiff seeks reconsideration of that portion of the Court's October 13, 2020 Order that denied Plaintiff's motion (*see* ECF No. 111) to partially vacate the Court's June 15, 2020 Order (ECF No. 48) with respect to Plaintiff's Second Amended Complaint. This motion is DENIED AS MOOT. Plaintiff's Third Amended Complaint (ECF No. 53-2) is the operative pleading in this action, not the Second Amended Complaint.

2. In the second of those motions for reconsideration (ECF No. 149), Plaintiff seeks reconsideration of that portion of the Court's October 13, 2020 Order that denied Plaintiff's

---

[1] Plaintiff's motion at ECF No. 146 also seeks reconsideration of my Report and Recommendation and Order, dated November 17, 2020 (ECF No. 143). Plaintiff's challenge to ECF No. 143 will not be decided by me, but will be decided by District Judge Nathan. (*See* paragraph 4, *infra*.)

motion for recusal of the undersigned (*see* ECF No. 111). This motion is DENIED. The standard for granting a motion for reconsideration is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Plaintiff has not pointed to anything I have overlooked that changes my decision not to recuse myself. I took an oath to preside over cases referred to me fairly and impartially and am not permitted to step aside merely because one party asks me to do so, or merely because one party is dissatisfied with my rulings.

3. On November 20, 2020, Plaintiff also filed a letter motion to seal. (Ltr. Mot. to Seal, ECF No. 151.) Such motion requested that ECF No. 150 be filed under seal. However, Plaintiff has withdrawn this motion (*see* ECF No. 154), so this motion is DENIED AS MOOT. The Clerk of Court is respectfully requested to unseal ECF No. 150.

4. On December 1, 2020, Plaintiff filed what he styled as a "Motion for Reconsideration" (*see* ECF No. 157) of the Court's Report and Recommendation and Order dated November 17, 2020 (ECF No. 143). The Court will construe Plaintiff's motion papers (ECF Nos. 157-58) as Objections to ECF No. 143 filed pursuant to Rule 72 of the Federal Rules of Civil Procedure. Defendant may respond to such Objections accordingly. Judge Nathan, not the undersigned, will consider and rule upon Plaintiff's Objections.

5. With respect to the discovery issues addressed in the December 7, 2020 telephone conference, the Court rules as follows:

    a. No later than January 8, 2021, each party shall make a submission to the Court that shall include a list of no more than ten categories of documents that have not yet been

produced, but which that party believes should be produced. This list shall be in the form of document requests, each seeking a single category of documents, without any subparts.

   b. To the extent that a party has redacted documents produced to the opposing party on any basis other than privilege, that party's January 8, 2021 submission also shall include an explanation of such proposed redactions and a justification for why the Court should allow such redactions to stand.[2]

   c. Defendant's January 8, 2021 submission also shall include a representation to the Court of the steps Defendant took to locate Plaintiff's custodial email box, including whether any backup tapes were located and searched.

   d. To the extent that Plaintiff seeks to amend the Protective Order entered in this action on October 21, 2020 (ECF No. 132), and Defendant does not consent to any such amendments, Plaintiff's January 8, 2021 submission also shall identify and justify any such proposed amendments.

   e. No later than January 22, 2021, each party shall file a submission in response to the opposing party's January 8, 2021 submission. Such responsive submission shall be no longer than 20 pages of double-spaced, 12-point font.

   f. No later than January 29, 2021, each party may file a submission replying to the opposing party's January 22, 2021 responsive submission. Such reply submission shall be no longer than 20 pages of double-spaced, 12-point font.

---

[2] This provision supersedes paragraph 5 of my October 13 Order (ECF No. 120). Plaintiff is relieved of his obligations under that paragraph, pending further Order of the Court. Moreover, Defendant shall not address the redactions made by Defendant to the spreadsheets discussed during the December 7, 2020 telephone conference, which Plaintiff does not contest.

3

6.      The parties shall appear via telephone for a conference on Thursday, February 11, 2021, at 10:00 a.m. EST to address the issues raised in the foregoing submissions. At the scheduled time, the parties each shall separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated:      New York, New York
            December 8, 2020

_____
STEWART D. AARON
United States Magistrate Judge