USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/28/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ashu Shukla,

                Plaintiff,

    –v–

Deloitte LLP,

                Defendant.

19-cv-10578 (AJN)

MEMORANDUM
OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

On November 19, 2020, the Court denied Plaintiff's Emergency Motion for a Permanent Injunction and/or Temporary Restraining Order. Dkt. No. 145. Plaintiff filed a Motion for Reconsideration on December 3, 2020. Dkt. No. 159. For the reasons explained below, that motion is DENIED.

### I.    Discussion

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotations and citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Moreover, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F.

Supp. 2d 584, 594 (S.D.N.Y. 2011). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Plaintiff's primary argument is that the Court failed to fully consider all of the submissions he filed in support of his motion. Dkt. No. 160 at 7-8. The basis for this claim is the fact that the Court did not specifically cite to his memorandum of law or his submissions filed after the motion was fully briefed, and that the Court provided the incorrect docket number when citing to his reply brief. *Id.*

To the contrary, the Court fully considered all of Plaintiff's properly filed submissions. Plaintiff articulated each of his basic claims in all of his initial filings (the motion, his affirmation and declaration in support, and his memorandum of law in support, Dkt. Nos. 96-99), therefore the Court need not cite to all of them in summarizing Plaintiff's arguments and the relief sought. Moreover, the Court did in fact consider and reference Plaintiff's reply brief in its opinion. Plaintiff is correct that the Court inadvertently provided the incorrect docket number when referencing the reply brief. The citation mistakenly corresponded to a reply brief filed by Defendant two days earlier, Dkt. No. 126. But this was a clerical error in the citation only. The Court fully considered the Plaintiff's reply brief. Lastly, the Court did not reference in its opinion the supplemental filings that Plaintiff submitted, without leave of Court, after his motion was fully briefed. However, as those submissions were not properly before the Court and made substantially the same arguments as his earlier filings, the Court was not under an obligation to reference them in its opinion. *See Anthropologie, Inc. v. Forever 21, Inc.*, No. 07-cv-7873 (RJS)

(MHD), 2009 WL 690239, at *6 n.2 (S.D.N.Y. Mar. 13, 2009) (declining to consider a sur-reply filed without leave of court).

In any event, the Court did consider each of the arguments that Plaintiff raised in these various filings and summarized them in its Order. Though Plaintiff asserts in his motion for reconsideration that "the court has clearly overlooked data and specific facts that were mentioned by plaintiff," he does not identify any specific arguments, facts, or evidence that the Court failed to consider in holding that "[n]othing in the Plaintiff's papers substantiates these extreme allegations" he has made against Defendant. Dkt. No. 145. Quibbles about the Court's citations to the record are insufficient to demonstrate a need for the "extraordinary remedy" of reconsideration. *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d at 365. The Court has already considered Plaintiff's submissions and exhibits attached thereto and concluded that they do not show a reasonable possibility that Defendant is engaged in the alleged conduct, and there is no basis for relitigating the issue here.

In his motion, Plaintiff also requests that the Court direct law enforcement entities to conduct investigations into his claims against Defendant. Dkt. No. 160 at 22. A motion for reconsideration is not a proper vehicle to raise new issues or make initial requests, *see Luv n' Care, Ltd. v. Regent Baby Prod. Corp.*, 986 F. Supp. 2d 400, 412 (S.D.N.Y. 2013), and the Court has already determined that Plaintiff has not met the high burden to establish a claim for injunctive relief. Moreover, Plaintiff has provided no legal basis for requesting that the Court issue affirmative injunctions against persons or entities that are not parties to this lawsuit. *See Software Freedom Conservancy, Inc. v. Westinghouse Digital Elecs., LLC*, 812 F. Supp. 2d 483, 486 (S.D.N.Y. 2011) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated.").

## II.     Conclusion

The Court has considered the remaining issues in Plaintiff's motion for reconsideration and concludes they are without merit. Plaintiff's motion for reconsideration is therefore denied. Plaintiff's requests for a hearing are also denied. This resolves Dkt. No. 159, 188, 192.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: January 28, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge