USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ashu Shukla,

                    Plaintiff,

    -against-

Deloitte Consulting LLP,

                    Defendant.

1:19-cv-10578 (AJN) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Following a telephone conference with the parties held on Thursday, February 11, 2021, for the reasons stated on the record, the Court hereby ORDERS as follows:

1. Consistent with prior Orders in this action (*see* Order, ECF No. 203; Text-Only Order dated Feb. 2, 2021), Plaintiff is reminded that, going forward, all communication with the Court—whether with the undersigned or with District Judge Nathan—must be filed to the ECF docket. Plaintiff shall not communicate with the Court via email or telephone unless the Court has expressly provided advance permission to do so. The Court will not consider any communication from Plaintiff that is submitted through a method other than ECF.

2. With respect to the ten proposed document requests that Plaintiff submitted (*see* ECF No. 183 at 2-4) pursuant to my Order dated December 8, 2020 (12/8/20 Order, ECF No. 164), the Court rules as follows:

    a. Plaintiff's Request Nos. 1 and 2 are **GRANTED IN PART** to the extent that, no later than March 4, 2021, Defendant shall perform a reasonable search and produce any work product that Plaintiff authored or contributed to in

       connection with the eight external and six internal projects he identifies by name at pages 2-3 of ECF No. 183.

b. With respect to Plaintiff's Request Nos. 3 and 4, the Court withholds judgment at this time. No later than March 4, 2021, Defendant shall file a letter to the ECF docket reporting the results of its reasonable inquiries into (i) whether it produced the email chain that Plaintiff filed to the docket at ECF No. 199-6, and, if not, why that is; and (ii) whether, when searching for Plaintiff's so-called "client performance appreciation communications," Defendant searched the emails of Plaintiff's supervisors for the projects on which he worked for the five clients identified by name in his Request No. 4**.**

c. Plaintiff's Request No. 5 is **DENIED** as not relevant or proportional to the needs of the case at this time, without prejudice to Plaintiff's reasserting a more narrowly tailored version of this request at a later stage of discovery.

d. Plaintiff's Request No. 6 is **GRANTED**. Defendant shall produce the requested information to Plaintiff no later than March 4, 2021**.**

e. Plaintiff's Request No. 7 is **DENIED** as overbroad and not proportional to the needs of the case, and as redundant, in relevant part, in light of Plaintiff's other, more narrowly tailored requests.

f. Plaintiff's Request No. 8 is **GRANTED IN PART** to the extent that, no later than March 4, 2021, Defendant shall produce to Plaintiff his so-called "recruitment file." In addition, no later than March 4, 2021, Plaintiff may

        file on the ECF docket a letter to the Court containing a proposed revised request for documents subsumed within this request that pertain to post-termination "recruitment" matters. If Defendant objects to this revised request, it shall do so in a letter filed to the ECF docket no later than three days thereafter; it Defendant does not object, it shall conduct a reasonable search and produce responsive documents no later than 21 days thereafter.

    g.    With respect to Plaintiff's Request No. 9, the Court withholds judgment at this time. No later than March 4, 2021, Defendant shall file a letter to the ECF docket reporting the results of its reasonable searches for (i) documents responsive to this request as written (*see* ECF No. 183, at 3), and (ii) communications, if any, involving Defendant's "transition services" and concerning (A) Plaintiff's job skills or qualifications; (B) Defendant's revocation of Plaintiff's access to Defendant's "transition website"; and/or (C) Plaintiff's interviews with companies other than Defendant**.**

    h.    Plaintiff's Request No. 10 is moot, as Defendant represents to the Court that it already has re-produced to Plaintiff documents responsive to this request with all non-ACP redactions removed.

2.    With respect to Plaintiff's use of redactions (*see* ECF No. 183 at 4-5):

    a.    The only permitted bases for Plaintiff's use of redactions are: (i) attorney-client privilege ("ACP") and (ii) physician-patient privilege ("PPP").

       b.       To the extent that Plaintiff has produced documents redacted for any reason other than ACP or PPP, Plaintiff shall, no later than March 13, 2021, produce to Defendant a version of each such document with any such redactions removed.

       c.       To the extent that Plaintiff has produced, or produces pursuant to this Order, documents with redactions which Plaintiff believes should remain in place, Plaintiff shall, no later than March 13, 2021, serve on Defendant a privilege log, pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, identifying each such document by date, author, recipient and subject and specifying the basis or bases for the redaction(s) therein.

3.      Plaintiff's objections to the Protective Order entered in this action at ECF No. 132 (*see* ECF No. 183 at 5-7) are **DENIED**. The Protective Order entered at ECF No. 132 remains unchanged and in full force and effect.

4.      With respect to the seven document requests submitted by Defendant (*see* ECF No. 182 at 1-2) pursuant to my 12/8/20 Order, the Court rules as follows**:**

       a.       Defendant's Request No. 1 is **GRANTED IN PART** as modified as follows: No later than March 13, 2021, Plaintiff shall produce documents sufficient to identify his efforts to mitigate his damages from November 5, 2018 through the present, whether by alternative employment, self-employment or offering services as an independent contractor/consultant.

  b. Defendant's Request Nos. 2, 3 and 7 are **GRANTED**. No later than March 13, 2021, Plaintiff shall conduct a reasonable search and produce all documents responsive to these requests.

  c. Defendant's Request No. 4 is **GRANTED IN PART** as modified as follows: No later than March 13, 2021, Plaintiff shall produce documents sufficient to identify each lawsuit he has initiated within the last five years.

  d. Defendant's Request No. 5 is **GRANTED IN PART** as modified as follows: No later than March 13, 2021, Plaintiff shall conduct a reasonable search and produce all photographs, audio tapes, video tapes, or other recordings that (i) concern any current or former Deloitte employee, agent or representative; and (ii) relate to Plaintiff's employment with Defendant or concern or support the allegations in the Third Amended Complaint.

  e. Defendant's Request No. 6 is **DENIED** as not relevant or proportional to the needs of the case at this time, without prejudice to Defendant's reasserting this request at a later stage of discovery. *See Avila-Blum v. Casa de Cambio Delgado, Inc.*, 236 F.R.D. 190, 191 (S.D.N.Y. 2006) (precluding discovery regarding immigration status during lawsuit's liability phase, in light of "highly prejudicial effect of such evidence at trial [and] its substantial social burden" to plaintiff, but leaving open prospect that issue could be reopened as appropriate at damages stage).

5. With respect to Defendant's use of redactions (*see* ECF No. 182 at 2-3), Defendant represented at today's telephonic conference that (a) to the extent it previously had produced

to Plaintiff documents redacted on any basis other than ACP, it now has produced to Plaintiff versions of those documents with all non-ACP redactions removed (with the exception of the voluminous spreadsheet that my 12/8/20 Order excepted from this requirement); and (b) it has produced to Plaintiff privilege logs listing each document it maintains it appropriately has redacted on the basis of ACP. Nothing further is required of Defendant on this issue at this time.

6. With respect to Defendant's access to Plaintiff's email inbox: In light of Defendant's representations in its correspondence with Court and during today's telephonic conference, to the extent that Plaintiff requests that Defendant be ordered to conduct any further search for the contents of his inbox, that request is **DENIED**. Plaintiff may pursue further inquiry into this subject during depositions.

7. Any discovery deadlines not provided for by this Order are adjourned *sine die*.

8. The deadlines set forth in this Order may be extended by written application of a party for good cause shown.

9. The Court expects full compliance with the provisions of this Order by both parties. Given his past non-compliance with Court Orders, Plaintiff is reminded that any violation of this Order could result in the imposition of sanctions up to and including dismissal of his claims.

**SO ORDERED.**

Dated:    New York, New York
          February 11, 2021

_____
STEWART D. AARON
United States Magistrate Judge