```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ashu Shukla,

                            Plaintiff,

       -against-

Deloitte Consulting LLP,

                            Defendant.

1:19-cv-10578 (AJN) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    Pending before the Court are two motions filed by Plaintiff on February 18, 2021: a Motion for Reconsideration (ECF No. 209), and a Motion to Seal the papers filed in support of that Motion for Reconsideration (ECF No. 211). The Court hereby Orders as follows.

    Plaintiff's Motion for Reconsideration (ECF No. 209) is DENIED as untimely and also is DENIED on the merits.

    Pursuant to Local Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Loc. Civ. R. 6.3. Plaintiff did not meet this deadline: he filed his Motion for Reconsideration 72 days after the Court entered its determination of the original motion on December 8, 2020. (*See* ECF No. 164.) Plaintiff offers no good cause for his delay. His Motion for Reconsideration therefore is denied as untimely.

    Moreover, Plaintiff's Motion for Reconsideration would be improper even if timely. "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Here, Plaintiff's motion identifies no intervening change of controlling law, newly available evidence, clear error or manifest injustice. Rather, as Plaintiff's own descriptions of the present motion illustrate, Plaintiff is using the present motion to relitigate old issues on which the Court already has ruled. Plaintiff characterizes his motion as seeking "Reconsideration of Court's Judgement [*sic*] on Plaintiff's Second Amended Complaint and Motion for Recusal." (Not. of Mot., ECF No. 209.[1]) However, Plaintiff already has moved for reconsideration of that "Judgement," and the Court already has denied that motion.

On October 13, 2020, the Court entered the "Judgement" Plaintiff references, an Order denying Plaintiff's motion seeking (i) vacatur of the Court's June 15, 2020 ruling dismissing in part Plaintiff's Second Amended Complaint, and (ii) the Court's recusal from this action. (Order, ECF No. 120.) On November 20, 2020, Plaintiff moved for reconsideration of those two rulings. (*See* Not. of Mot., ECF No. 146 (seeking reconsideration of the Court's denial of Plaintiff's motion to vacate the Court's June 15, 2020 ruling on Plaintiff's Second Amended Complaint); Not. of Mot,

---

[1] (*See also* Mem. of Law., ECF No. 210, PDF at 1 (indicating in its title that it supports Plaintiff's "Motion for Reconsideration of Court's Order and Opinion on Plaintiff's Second Amended Complaint and Recusal").)

ECF No. 149 (seeking reconsideration of the Court's denial of Plaintiff's motion for recusal).) In an Order dated December 8, 2020, the Court denied Plaintiff's November 20, 2020 motion for reconsideration.

Although Plaintiff's present motion ostensibly seeks reconsideration of the December 8, 2020 Order, in fact, his moving papers rehash his prior motion for reconsideration of the Court's October 13, 2020 Order. (*See, e.g.*, Mem. of Law (ECF No. 210) at 22 ("The court should correctly consider and evaluate [P]laintiff's [Second Amended Complaint], *in light of the arguments made by [P]laintiff on his [November 2020] motion for reconsideration* of [the Second Amended Complaint]." (emphasis added)).)

Plaintiff may not proceed in this litigation via an endless chain of motions to reconsider the Court's prior rulings.[2] Because Plaintiff identifies no change of law, new evidence, clear error or manifest injustice, his Motion for Reconsideration is DENIED on the merits.

Plaintiff's Motion to Seal (ECF No. 211) is DENIED AS MOOT IN PART, GRANTED IN PART, and DENIED IN PART, as follows:

1.   With regard to Plaintiff's Memorandum of Law in support of his Motion for Reconsideration (ECF No. 210), Plaintiff's Motion to Seal is DENIED AS MOOT. Later the same day that he filed his Motion for Reconsideration and Motion to Seal, Plaintiff publicly filed a copy of ECF No. 210 as an attachment to a letter to District Judge Nathan. (ECF No. 212-1.) Because Plaintiff has made this memorandum of law available to the public at ECF No. 212-1, there is no need to seal it at ECF No. 210.

---

[2] It bears emphasizing that the branch of this motion that pertains to Plaintiff's Second Amended Complaint constitutes a motion to reconsider the Court's denial of a motion to reconsider the Court's denial of a motion to vacate a ruling issued by the Court in June 2020.

2. With regard to Exhibits A, B, and C to Plaintiff's Affidavit in support of his Motion for Reconsideration (ECF Nos. 210-2, 210-3, 210-4), Plaintiff's Motion to Seal is GRANTED. These documents, comprising (i) internal emails and other files of Defendant produced in discovery, and (ii) documents concerning Plaintiff's application for benefits from the State of New Jersey, raise privacy concerns that overcome the presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

3. With regard to Plaintiff's Affidavit in support of his Motion for Reconsideration, Exhibits D through I thereto, and the Certificate of Service thereof (ECF Nos. 210-1, 210-5, 210-6, 210-7, 210-8, 210-9, 210-10, 210-11), Plaintiff's Motion to Seal is DENIED. Unlike Exhibits A-C, these documents do not raise privacy concerns that overcome the presumption of public access to judicial documents.

The Clerk of Court is respectfully requested to unseal ECF Nos. 210 (main document), 210-1, 210-5, 210-6, 210-7, 210-8, 210-9, 210-10 and 210-11.

**SO ORDERED.**

Dated:   New York, New York
         February 23, 2021

_____
STEWART D. AARON
United States Magistrate Judge