USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shukla,<br><br>　　　　　　Plaintiff,<br><br>　　　–v–<br><br>Deloitte Consulting LLP,<br><br>　　　　　　Defendant. | 19-cv-10578 (AJN)<br><br>MEMORANDUM OPINION & ORDER |

ALISON J. NATHAN, District Judge:

Plaintiff brings what is titled as a "Motion for Reconsideration" of Magistrate Judge Aaron's Order. The Court construes this as an objection under Fed. R. Civ. P. 72(a). For the reasons that follow, that objection is denied.

I.     **BACKGROUND**

On February 18, 2021, Plaintiff filed what is styled as a "Motion for Reconsideration." Dkt. No. 209-210. With this motion, Plaintiff challenges Judge Aaron's Order (Dkt. No. 164) denying an earlier Motion for Reconsideration (Dkt. No. 146) of a prior Order (Dkt. No. 120) in which Judge Aaron denied Plaintiff's motion to (a) vacate the decision to dismiss in part Plaintiff' second amended complaint and (b) have Judge Aaron recuse himself. On February 23, 2021, Judge Aaron denied Plaintiff's motion for reconsideration on the grounds that it was untimely and that it was otherwise without merit. Dkt. No. 213. Plaintiff also simultaneously filed a motion to seal certain exhibits in Plaintiff's accompanying memorandum of law. Dkt. No. 211.

On February 24, 2021, Plaintiff filed a letter explaining that the "motion for reconsideration" and accompanying letter motion to seal, Dkt. Nos. 209-211, was intended to be addressed to the Undersigned, and that the reference to Judge Aaron was an error. Dkt. No. 214. Because the Court is "obligated to afford a special solicitude to pro se litigants," including "liberal construction of pleadings, motion papers, and appellate briefs," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), the Court will construe Plaintiff's motion as a Fed. R. Civ. P. 72(a) objection to Judge Aaron's denial of his earlier motion for reconsideration, Dkt. No. 164, and consider it now.

## II.    DISCUSSION

Plaintiff objects to Judge Aaron's December 8, 2020 Order. Dkt. No. 164. Under Rule 72(a), Plaintiff was required to make objections within 14 days. *See* Fed. R. Civ. P. 72(a). Plaintiff filed his objection on February 18, 2021, which was 72 days after the Judge Aaron issued the Order. Dkt. No. 209. Therefore, Plaintiff's objection is untimely.

And even if Plaintiff's objection were timely, the Court would still deny Plaintiff's objection. Rule 72(a) permits the Court to modify or set aside an order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Judge Aaron did not err in denying Plaintiff's motion for reconsideration of his October 13, 2020 Order. A motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012). In his motion for reconsideration, Dkt. No. 146, Plaintiff rehashes his prior arguments and does not identify an "intervening change of controlling law, the availability of new evidence, or" a "clear error" of any kind. *Kolel Beth Yechiel Mechil*

*of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).  Therefore, Plaintiff's objection fails on the merits as well.[1]

Additionally, for the reasons stated in Judge Aaron's February 23, 2021 Order (Dkt. No. 213), the Court grants Plaintiff's motion to seal Exhibit B (Dkt. No. 210-3)[2] because of the privacy issues raised, and denies Plaintiff's motion as to the remaining documents, which do not raise the same privacy concerns.  *See* Dkt. Nos. 211, 214.

### III.  CONCLUSION

For the reasons stated, Plaintiff's motion for reconsideration is construed as an objection pursuant to Rule 72(a) and that objection is DENIED.  Plaintiff's request to seal is GRANTED IN PART as to Dkt. No. 210-3, but is otherwise DENIED.  This resolves Dkt. Nos. 209-211, 214.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated:  March 4, 2021
 New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] The Court notes that, even if Judge Aaron's Order were dispositive and the Court were to review the objection *de novo* under Rule 72(b), the result would be the same.  Objections under Rule 72(b) must also be brought within 14 days, and the Court concludes that Judge Aaron's decision to deny the motion for reconsideration was correct.
[2] In Plaintiff's February 24, 2021 Letter (Dkt. No. 214), he withdraws his request to seal Dkt. Nos 210-2 and 210-4.

3