USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Shukla,

                Plaintiff

–v–

Deloitte Consulting LLP,

                Defendant.

19-cv-10578 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff brings a host of federal and state law claims against his former employer. Defendant filed a partial motion to dismiss the Third Amended Complaint, Dkt. No. 56-57, which the Court referred to Magistrate Judge Aaron for a Report and Recommendation, Dkt. No. 61. Plaintiff filed a motion for leave to amend, Dkt. No. 92-93, and for Judge Aaron to vacate his prior Order dismissing claims in Plaintiff's Second Amended Complaint, Dkt. No. 125. Judge Aaron issued a Report and Recommendation granting Defendant's motion in part and denying it in part, and denying Plaintiff's motions. Dkt. No. 143. For the reasons that follow, the Court adopts in full Judge Aaron's Report and Recommendation.

    **I.    BACKGROUND**

    The Court assumes familiarity with the facts and procedural history of this case and will restate them only briefly here. Plaintiff, who is proceeding *pro se*, brings federal and state discrimination and retaliation claims against Defendant, his former employer. On July 17, 2020, Plaintiff filed his Third Amended Complaint (TAC) and Defendant filed a partial motion to dismiss on August 7, 2020. Dkt. Nos. 53, 56. The Court referred the motion to Magistrate Judge

Stewart D. Aaron for a Report and Recommendation pursuant to Fed. R. Civ. P. 72(b)(1). Dkt. No. 61. On September 28, 2020, Plaintiff filed a motion for leave to file a Fourth Amended Complaint. Dkt. No. 92, 93. On October 15, 2020, Plaintiff filed a motion for the Judge Aaron to vacate a June 15, 2020 Opinion and Order in which Judge Aaron granted in part and denied in part Defendant's motion to dismiss the Second Amended Complaint, and gave Plaintiff leave to amend. Dkt. No. 125.

On November 17, 2020, Judge Aaron issued the Report and Recommendation on Defendant's partial motion to dismiss the TAC, in which he recommended that the Court grant in part and deny in part Defendant's motion. Dkt. No. 143. Judge Aaron then denied Plaintiff's motion for leave to file a Fourth Amended Complaint and his motion to vacate Judge Aaron's June 15, 2020 Opinion and Order. *Id.*

On December 1, 2020, Plaintiff filed a "Motion for Reconsideration" of Judge Aaron's Report and Recommendation. Dkt. No. 157-158. As Judge Aaron explained to Plaintiff in a subsequent Order, Dkt. No. 164, this filing is construed as an Objection pursuant to Fed. R. Civ. P. Rule 72. Accordingly, the Undersigned will resolve the objections. Defendant filed an opposition to Plaintiff's objections, and Plaintiff filed a reply. Dkt. Nos. 168, 184-185.

II.   DISCUSSION

A court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain motions. 28 U.S.C. § 636(b)(1)(B). If a party timely objects to the findings or recommendations of the magistrate judge, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Male Juvenile* (95-CR-1074), 121 F.3d 34, 38 (2d

Cir. 1997) (quoting 28 U.S.C. § 636(b)(1)).  However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error."  *Frankel v. City of New York*, No. 06 CIV. 5450 LTS/DFE, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009*); New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (same).   These types of objections "will not suffice to invoke de novo review of the magistrate's recommendations" otherwise they "would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal.'" *Vega v. Artuz,* No. 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

In Plaintiff's Objection to the Report and Recommendation, he mostly restates the same arguments he made before Judge Aaron.  Therefore, the Court will review for "clear error," *Frankel*, 2009 WL 465645, at *2, except where Plaintiff makes proper objections to Judge Aaron's Report and Recommendation.

**A.  Motion to for Leave to File Fourth Amended Complaint**

While Defendant's motion to dismiss the Third Amended Complaint was still pending, Plaintiff submitted a motion for leave to file a Fourth Amended Complaint, which added new claims (including fraud, conspiracy to commit crimes involving bodily injury, and witness tampering) as well as new Defendants, including the FBI and United States Attorney General. Dkt. No. 92, 94-1.  Judge Aaron denied Plaintiff's motion to amend his complaint on the grounds that the new allegations are "clearly baseless" and thus amendment would be futile, and because permitting further amendment would cause undue delay and prejudice to Defendant.  Dkt. No. 143 at 22-23.  Because Plaintiff provides specific objections on this portion of the report, the Court will review *de novo*.  *See* Fed. R. Civ. P. Rule 72(b).

The Court denies Plaintiff's motion to amend.  While Plaintiff, due to his *pro se* status, is entitled to leniency by the Court in abiding by the rules of civil procedure and the Court is obliged to construe his filings liberally, the "special solicitude" offered to *pro se* litigants is not without limit.  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

First, permitting Plaintiff to file a Fourth Amended Complaint would in fact be futile. Plaintiff's host of allegations regarding the "BioChemical / Medical manipulation" are factually frivolous and clearly baseless. *Gallop v. Chaney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'") (citation omitted).  While Plaintiff makes an attempt to distinguish his claims from *Gallop* on factual grounds, the legal standard applies here.  Moreover, the fact that Plaintiff has provided troves of factual details for his allegations against Defendant and government agencies does not make his claims anymore grounded in reality, because the additional details in support are just as "fanciful" as the primary claims. *Gallop*, 642 F.3d at 368.  Plaintiff's remaining arguments on this issue are meritless.

Additionally, further amendment would cause undue delay and prejudice to Defendant. At this stage, Defendant has had to respond to *eight* different complaints (counting the state court amendments).  Moreover, this burden on Defendant is especially onerous because of Plaintiff's unwillingness to comply with basic rules of the Court.  Plaintiff has continually failed to abide by procedural rules regarding the length of his filings – for example, Plaintiff's memorandum in support of this Objection, Dkt. No. 158, was 50 pages single spaced, amounting to near 100 pages of legal argument, whereas the Court ordinarily permits 25 pages single-spaced unless leave is granted.  *See* the Undersigned's Special Rules of Practice in Civil Pro Se Cases, Rule 9(a).  Plaintiff has also continued to make excessive filings, such as a recent motion for

4

reconsideration of an order denying an earlier motion for reconsideration of a prior order denying a motion to vacate a prior order (which the Court denied, a decision Plaintiff has subsequently appealed to the Second Circuit). *See* Dkt. No. 218, 219. Plaintiff's additional arguments that Defendant will suffer no prejudice from another amendment are meritless.

### B. Partial Motion to Dismiss Third Amended Complaint

In addition to requesting that the Court permit him leave to file the Fourth Amended Complaint, Plaintiff also maintains that Judge Aaron improperly dismissed certain claims in the Third Amended Complaint. For the reasons that follow, Plaintiff's objections are denied.

#### 1. Gender Discrimination Claims

Plaintiff argues that the Report incorrectly dismissed his gender-based discrimination claims. Dkt. No. 158 at 22-24. However, Plaintiff largely restates his factual allegations in the complaint and asserts that they are sufficient to survive the motion to dismiss standard. As these objections do not trigger *de novo* review, the Court reviews the report for clear error. *See Frankel*, 2009 WL 465645, at *2. The Court determines that Judge Aaron did not "clearly err" in holding that Plaintiff had not sufficiently alleged a claim for gender discrimination.

Additionally, Plaintiff claims that Judge Aaron misinterpreted and misapplied the Second Circuit's precedents, *Doe v. Columbia* and *Menaker v. Hofstra*, which permit in certain circumstances a plaintiff to raise an inference of sex discrimination based on a defendant's handling of sexual assault allegations. *See* Dkt. No. 158 at 22-24. Plaintiff misstates Judge Aaron's application of those cases, and in any event, Judge Aaron correctly concluded that Plaintiff's claims fail for the separate reason that he has not plausibly alleged that he suffered an adverse employment action in response to the alleged complaints of sexual harassment against him. *Frankel*, 2009 WL 465645, at *2.

### 2. Hostile Work Environment Based on Gender Claims

Plaintiff argues that Judge Aaron erred in dismissing his hostile work environment claims that were based on gender. Dkt. No. 158 at 35. Because Plaintiff does not genuinely challenge Judge Aaron's recommendation but instead simply restates the facts alleged in his complaint and argues that they are sufficient to survive a motion to dismiss, the Court reviews for clear error. *Frankel,* 2009 WL 465645, at *2. Judge Aaron did not clearly err in determining that Plaintiff had failed to plausibly alleged facts demonstrating that Plaintiff was subjected to a hostile work environment based upon his gender.

### 3. Hostile Work Environment Based on Disability Claims

Plaintiff argues that Judge Aaron improperly dismissed his hostile work environment claims that were based on his disability / medical condition (severe allergies). Dkt. No. 158 at 40. Plaintiff's primary argument is that the Fourth Amended Complaint corrected any deficiencies as to this claim, however, as stated above, the Court denies Plaintiff's leave to amend for the independent reasons that it would be futile and because it was cause undue prejudice and delay to Defendant. *See supra* II.A. Additionally, in his Objection, Plaintiff simply restates the allegations from both complaints, which again detail the alleged acts but do not provide a non-conclusory connection to his medical condition. The Court agrees with Judge Aaron's conclusion that Plaintiff has failed to demonstrate that any of the alleged hostile or disparaging acts were based on Plaintiff's disability.

### 4. Hostile Work Environment Based on Race / National Origin Claims

Plaintiff argues that Judge Aaron also improperly dismissed his hostile work environment claims that were based on race / national origin. Dkt. No. 158 at 42-44. Judge Aaron determined that, while Plaintiff had alleged some race / national origin based discriminatory instances, that

6

these isolated events did not amount to a hostile work environment under Second Circuit precedent. Dkt. No. 143 at 18 (citing *Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d Cir. 2015)).  Plaintiff again argues that any deficiencies in this claim have been cured in his Fourth Amended Complaint, which the Court will not grant Plaintiff leave to file.  Moreover, Plaintiff's objection consists of restating the facts alleged in his complaint and arguing that "considering the totality of the circumstances" they amount to a hostile work environment.  Dkt. No. 158 at 43.  Because Plaintiff does not meaningfully challenge the recommendation but merely restates his original arguments, the Court reviews for clear error, and finds none.

Plaintiff also argues that Judge Aaron failed to consider new allegations raised in a sur-reply, which is 25 pages single-spaced and which Plaintiff was not granted leave to file, to Defendant's partial motion to dismiss.[1]  *See* Dkt. No. 140.  The Court is not obligated to consider this filing, *see Colida v. Nokia Am. Corp.,* No. 05CIV.9920(KMW)(HBP), 2006 WL 2597902, at *4 (S.D.N.Y. Sept. 11, 2006) (declining to consider a sur-reply filed without leave of court), and especially not the new issues raised therein, *see Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").  Even if the Court were to consider this filing, the Court would still dismiss Plaintiff's hostile work environment claims based on race / national origin for failure to state a claim, because the filing does not raise new allegations that would change the Court's analysis.

### 5.  IIED & NIED Claims

Plaintiff argues that the Court should not dismiss his intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED) claims.  Dkt. No. 158 at 44-

---

[1] Plaintiff claims that this filing was made in response to an "improper" and untimely filing by Defendant, Dkt. No. 126, but Defendant's filing was a Reply brief in support of its motion to dismiss.  *See* Fed. R. Civ. P. Rule 27 (a)(3), (a)(4).  This document was timely filed in accordance with Judge Aaron's September 26, 2020 Order. Dkt. No. 89.

45. Plaintiff again argues that he has "substantively improved" these claims in his Fourth Amended Complaint, in particular with the allegations regarding "biomedical / chemical manipulation" and a "money laundering scheme," Dkt. No. 158 at 45, which the Court will not grant him leave to file. *Id.* Additionally, because Plaintiff does not specifically challenge Judge Aaron's recommendation but simply restates his original argument that he has plausibly alleged these claims, the Court reviews for clear error. Judge Aaron did not clearly err in deciding that the Third Amended Complaint failed to allege extreme and outrageous conduct by Defendant.

### 6. Negligence

Lastly, Plaintiff argues that the Court should not dismiss his claims for negligence against Defendant. Dkt. No. 158 at 46-48. In addition to arguing that his Fourth Amended Complaint substantively improves his negligence claims, Plaintiff again only restates the arguments that he made in opposition to Defendant's motion before Judge Aaron, and even directs the Court to his brief in opposition for the "legal basis" for his claims. *Id.* Reviewing Judge Aaron's decision for clear error, the Court finds none.

### C. Motion to Vacate June 15, 2020 Order

Plaintiff does not address Judge Aaron's denial of his motion to vacate the June 15, 2020 Order, Dkt. No. 48, in his Objection with adequate specificity. To the extent Plaintiff is objecting to this decision, the Court reviews for clear error, and finds none. Even if the Court were reviewing *de novo*, the Court agrees fully with Judge Aaron's determination that Plaintiff's motion challenging the dismissal of claims in his Second Amended Complaint was moot because Plaintiff had already filed a Third Amended Complaint at that time.

### III. CONCLUSION

For the reasons above, the Court overrules the Plaintiff's objections and adopts in full Judge Aaron's Report and Recommendation. Defendant's motion to dismiss the Third Amended Complaint is GRANTED IN PART as to Counts Three, Four, Seven, Nine, Ten, Eleven, Fifteen, Sixteen and Seventeen and DENIED IN PART as to the remaining claims. Plaintiff's motion for leave to file a Fourth Amended Complaint is DENIED. Plaintiff's motion to vacate Judge Aaron's June 15, 2020 Order is DENIED. This resolves Dkt. Nos. 56, 92, 125, 157.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 24, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

9