UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shukla,

                Plaintiff,

–v–

Deloitte Consulting LLP,

                Defendant.

19-cv-10578 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

The Plaintiff filed a timely objection to Magistrate Judge Aaron's discovery order. For the reasons that follow, that objection is overruled.

I.     BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case. The Plaintiff, who is proceeding *pro se*, brings federal and state discrimination and retaliation claims against the Defendant, his former employer. Dkt. No. 1. On March 24, 2021, the Court adopted in full the Report & Recommendation from Magistrate Judge Aaron recommending that the Court dismiss a number of claims in the Plaintiff's Third Amended Complaint and deny him leave to file a Fourth Amended Complaint. Dkt. No. 227. The Plaintiff has since appealed that decision to the Second Circuit, and that appeal is still pending. Dkt. No. 241. The Defendant filed an Answer to the Plaintiff's Third Amended Complaint on April 7, 2021. Dkt. No. 240.

On May 13, 2021, Judge Aaron held a conference with the parties to address certain discovery disputes. Dkt. No. 251, 256. During that conference, Judge Aaron made various rulings related to the parties' discovery requests and subsequently memorialized those decisions

in an order. Dkt. No. 254, 256. Judge Aaron ordered that, *inter alia*, the Defendant was relieved of any outstanding obligation to respond to any of the Plaintiff's previous document requests, and that the Plaintiff would be permitted to serve a final set of document requests on the Defendant that would be limited to 20 requests (including sub-parts). *Id.* Judge Aaron also ordered that the Plaintiff comply with certain outstanding discovery requests. *Id.* On May 27, 2021, the Plaintiff filed a Motion to Partially Vacate the Court's Order Dated 5/13/21. Dkt. No. 252-253.

## II. DISCUSSION

### A. The Plaintiff's Objection to Judge Aaron's 5/13/21 Discovery Order

The Court construes the Plaintiff's "Motion to Partially Vacate the Court's Order Dated 5/13/21" as an objection to Judge Aaron's discovery order pursuant to Fed. R. Civ. P. 72(a).

Except for certain dispositive matters, the Court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," and will affirm the magistrate judge's orders on such matters unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Therefore, a court must "consider timely objections" to the magistrate judge's discovery orders and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The Plaintiff's objection to Judge Aaron's discovery order was timely and therefore the Court will review the portions objected to for clear error. The Plaintiff raises a number of challenges in his objection, all of which fail.

First, the Plaintiff's objection largely consists of arguments against the Court's dismissal of various claims in the Plaintiff's Third Amended Complaint and its denial of leave to file a Fourth Amended Complaint. Those matters have already been decided in a previous decision of the Court and were not the subject of Judge Aaron's discovery order. Because the Court will only consider objections to specific rulings made by Judge Aaron in the May 13, 2021 Order, the Court will not address these arguments. Any objections based on these matters are overruled.

Second, the Plaintiff challenges Judge Aaron's ruling that the Plaintiff must produce to the Defendant any documents, including emails, recordings, and other records, that substantiate his claim that Ms. Rohde is a federal agent. Dkt. No. 182, 208, 254. The Plaintiff argues that he only claims that Ms. Rohde is a federal agent in his proposed Fourth Amended Complaint. Thus, because the Third Amended Complaint is the operative complaint in this action, the Plaintiff contends that, unless the Second Circuit overturns the Court's decision denying leave to file the Fourth Amended Complaint, he should not have to produce any documents related to that claim.

Judge Aaron did not clearly err in ordering the Plaintiff to turn over these documents, if any exist. The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). The Supreme Court has instructed that this rule "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," and that "discovery is not limited to issues raised by the pleadings . . . [n]or is discovery limited to the merits of a case[.]" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It is true that the Plaintiff does not claim in his Third Amended Complaint that Ms. Rohde is a federal agent. But nonetheless, even after the Court denied him leave to file the Fourth Amended Complaint, the Plaintiff has continued to assert that Ms. Rohde is a federal

3

agent in his many filings before the Court, including in this objection. Dkt. No. 230, 253. The Plaintiff has even gone as far as to claim Ms. Rohde has somehow exerted control over the Court's decision-making in this case. Dkt. No. 253. Therefore, because the Plaintiff has continued to interject this issue into the litigation and because he makes various other claims about Ms. Rohde in his Third Amended Complaint, Judge Aaron's determination that any potential documents substantiating the Plaintiff's assertion that she is a federal agent are relevant to the claims and defenses in this case, and his decision to require the Plaintiff to produce them, are not clearly erroneous or contrary to law.

Third, the Plaintiff renews his argument that Judge Aaron is biased in favor of the Defendant and has acted on that bias in ruling in its favor, including with respect to the instant discovery order. The Plaintiff does not provide any evidence or other support for his claim of bias against Judge Aaron other than the fact that Judge Aaron did not rule in his favor on certain issues and that Judge Aaron has a "court clerk" who is "female" and for that reason alone was motivated against the Plaintiff's gender discrimination claims. These accusations are utterly baseless and spurious.

The Court has considered the Plaintiff's remaining arguments and concludes that they are without merit. Judge Aaron's discovery rulings were not clearly erroneous or contrary to law.

### B. Warning Regarding the Plaintiff's Filings

Over the course of this litigation, the Plaintiff has filed motions, objections, and letters with the Court that are excessive, unnecessary, or otherwise inappropriate.

First, it is inappropriate for a litigant to respond to unfavorable Court rulings by making duplicative or redundant filings before the Court. Courts will restrict access for a *pro se* litigant who files "prolix and redundant pleadings" and "repeatedly demonstrate[s] [an] unwillingness to

4

accept unfavorable rulings on [their] claims[.]" *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008). A litigant's continued "refusal to accept judicial rulings or the rejection of his claims" will not only "consume valuable judicial resources, but it also typically requires a response and the concomitant consumption of resources by opposing counsel." *Fitzgerald v. Field*, No. 99 CIV. 3406 (RWS), 1999 WL 1021568, at *5 (S.D.N.Y. Nov. 9, 1999), *aff'd*, 216 F.3d 1072 (2d Cir. 2000).

The Plaintiff has demonstrated an unwillingness to accept unfavorable rulings by the Court and has continued to file duplicative or repetitive motions, objections, or letters challenging those rulings. A few of the many examples in the record include:

- On September 30, 2020, the Plaintiff filed a "letter" requesting that Judge Aaron recuse himself, Dkt. No. 95, even though Judge Aaron had already denied the Plaintiff's same request a month earlier, Dkt. Nos. 67-68. The Plaintiff again filed a motion for Judge Aaron to recuse himself on October 9, 2020, titled "Motion for Disqualification," on the same grounds. Dkt. No. 111-112.

- On February 18, 2021, the Plaintiff filed a Motion for Reconsideration of an Order denying an earlier Motion for Reconsideration of a prior Order. *See* Dkt. No. 209.

- In the instant objection to Judge Aaron's discovery order, the Plaintiff rehashes arguments against the Court's previous dismissal of various claims in his Third Amended Complaint and denial of leave to file a Fourth Amended Complaint. Dkt. No. 253.

Second, letters should be filed with the Court for scheduling and procedural purposes, and it is inappropriate to use letters to make substantive arguments in support of the Plaintiff's legal claims. While letter-motions are appropriate, they may *only* be made for certain non-dispositive matters, such as applications for extensions or adjournments or pre-motion conferences, as described in S.D.N.Y. Local Rule 7.1(d).

The Plaintiff has nonetheless used letters to make substantive legal arguments in support of his legal claims, thereby subverting the Court's page limit requirements for memoranda of law. A few of the many examples in the record include:

- On October 10, 2020, the Plaintiff filed a letter in support of his motions for recusal of Judge Aaron and motion to vacate a previous order that simply restated his arguments in support of those motions. Dkt. No. 115.

- On October 13, 2020, the Plaintiff filed a letter to request that Judge Aaron reschedule a conference, which is an appropriate purpose for submitting a letter. Dkt. No. 118. However, in that letter, the Plaintiff also used multiple pages to make substantive arguments in support of his motion for leave to file a Fourth Amended Complaint and raise counter-arguments to the Defendant's briefings. *Id.*

- On November 30 and December 1, 2020, the Plaintiff filed letters renewing his arguments in favor of claims that had been dismissed and in favor of his request for leave to file a Fourth Amended Complaint. Dkt. No. 155-156.

- On February 2, 2021, the Plaintiff filed a letter asserting new arguments regarding the timeliness of claims in his complaint. Dkt. No. 200.

- On March 16, 2021, the Plaintiff filed a letter asserting new arguments in favor of his Fourth Amended Complaint. Dkt. No. 221.

Third, it is inappropriate to use letters to make accusations or assert factual allegations in support of legal claims or other motions. The Plaintiff has nonetheless used letters to make a host of accusations against the Defendant and other persons, reassert and add to the factual allegations from his pleadings, and make accusations of bias against Judge Aaron and this Court. A few of the many examples in the record include:

- On October 5, 2020, the Plaintiff filed a letter accusing Judge Aaron of impartiality and bias and accusing the Defendant of conduct that relates to his legal claims and other "malicious acts." Dkt. No. 105.

- On November 20, 2020, the Plaintiff filed a letter making accusations against Ms. Rohde and other Deloitte employees related to his legal claims while challenging a discovery order. Dkt. No. 148.

- On November 30, 2020, the Plaintiff filed a lengthy letter making accusations against the Defendant related to his legal claims. Dkt. No. 155.

- On December 11, 2020, the Plaintiff filed a letter asserting factual allegations against the Defendant, most of which he had already made in his pleadings and/or his motion for a preliminary injunction. Dkt. No. 165.

- On February 8, 2021, the Plaintiff filed a letter making accusations against the Defendant related to his legal claims and his request for injunctive relief that the Court had already denied. Dkt. No. 204.

- On March 29, 2021, in a letter that purported to be addressing discovery issues, the Plaintiff made a number of lengthy accusations against Ms. Rohde that were unrelated to discovery. Dkt. No. 237.

- On April 12, 2021, the Plaintiff filed a letter reasserting allegations against the Defendant in support of his legal claims in his complaint and making accusations against Ms. Rohde. Dkt. No. 242.

- On June 3, 2021, the Plaintiff filed a letter accusing the Undersigned of bias. Dkt. No. 259.

- On June 7, 2021, the Plaintiff filed a letter making further accusations against the Defendant and its employees. Dkt. No. 263.

Fourth, it is a violation of the Federal Rule of Civil Procedure Rule 11 to assert factual claims that, on the Plaintiff's "knowledge, information, and belief" do not have evidentiary support or that will not "likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The Plaintiff has nonetheless asserted outlandish claims for which he has no evidentiary support or reasonable basis. For example:

- The Plaintiff asserted in a letter asserting that Ms. Rohde, an employee of the Defendant, was likely "posting messages on the docket on behalf of the Judge / clerk as a DOJ official, or collaborating with the Court to post messages." Dkt. No. 156 at 2.

In light of all of the foregoing, the Plaintiff must abide by the following rules going forward:

1. The Plaintiff may **only** challenge the rulings in this Court through the following methods: (1) a motion for reconsideration or (2) an objection (for Judge Aaron's orders) or (3) an appeal to the Second Circuit (for the Undersigned's appealable orders).  A motion for reconsideration is only appropriate if the Plaintiff believes that the Court has overlooked "an intervening change of controlling law," that there is "the availability of new evidence," or that there is otherwise a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).  **It is not appropriate to file a motion for reconsideration solely because the Plaintiff believes that the Court was incorrect on the merits**.  *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  If the Plaintiff disagrees with Judge Aaron or the Undersigned's decision on the merits and has a legal basis for doing so, his only option is to file a timely objection of Judge Aaron's decision that comports with the Court's formatting rules or file a timely appeal of the Undersigned's decision to the Second Circuit if it is an appealable order.  Outside of the two aforementioned options, **the Plaintiff may not continue to raise issues that have already been decided in subsequent motions, objections, or letters.**

2. Letters to the Court should be filed **only** for the purpose of addressing scheduling issues, making requests for extensions of time, making requests for leave to file excess pages, asking for clarification on the Court's rules, and similar kinds of procedural matters.  Letters should be brief and should not ordinarily exceed one

to five pages double spaced.  Letter-motions may be filed, but **only** for the non-dispositive matters described in Local Rule 7.1(d).

3. The Plaintiff is **not permitted** to use letters to make legal arguments in support of his claims.  Legal arguments should be reserved for memoranda of law in support of motions and objections, or briefs in opposition or reply, and must comply with the formatting rules and page requirements of the Court.

4. The Plaintiff is also **not permitted** to use letters as an opportunity to make factual allegations against the Defendant and other persons that are asserted in support of the Plaintiff's legal claims in this case.  Factual allegations should be reserved for the pleadings, motions for summary judgment, other briefings, and trial.

5. The Plaintiff is **not permitted** to file letters making unsubstantiated allegations of bias or impropriety against Judge Aaron or the Undersigned.  These allegations are properly reserved for briefings in support of any non-frivolous motion for recusal.

6. In accordance with Federal Rules of Civil Procedure Rule 11, the Plaintiff must refrain from making factual assertions for which he has no evidentiary support or for which a reasonable person would not believe that there would be factual support after an investigation.

In setting out these rules, the Court acknowledges that the Plaintiff is proceeding *pro se* and does not have legal experience.  The Court has and will continue to afford him the "special

solicitude" given to *pro se* plaintiffs. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). However, "all litigants, including pro ses, have an obligation to comply with court orders." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). And while a *pro se* plaintiff may not be aware of rules and obligations in the first instance, if a *pro se* plaintiff is clearly warned of those rules and obligations and still fails to follow them, "they, like all litigants, must suffer the consequences of their actions." *Id.* The Court is not required to continually permit "frivolous or vexatious filings by pro se litigants," *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005), and the Court's "'special solicitude' towards pro se litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) (cleaned up).

Therefore, if the Plaintiff does not abide by the above-described rules, then the Plaintiff may be subject to sanctions, including but not limited to an injunction preventing the Plaintiff from making any filings without leave of Court. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005). The Plaintiff is warned that a continued failure to "comply with . . . order[s] of the court" could lead to the dismissal of his case. *See Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir. 1998) (citing Fed. R. Civ. P. 41(b)); *Uppal v. W. Express, Inc.*, No. 15CV9976ATRWL, 2019 WL 2450794, at *7 (S.D.N.Y. Feb. 27, 2019), *report and recommendation adopted*, No. 15CIV9976ATRWL, 2019 WL 1434234 (S.D.N.Y. Apr. 1, 2019) (dismissing a *pro se* plaintiff's claims under Fed. R. Civ. P. 41(b) for, among other things, failing to abide by the Court's orders to refrain from "making 'spurious allegations about defense counsel' and making 'frivolous requests without any basis in fact or supporting material.'").

### III.  CONCLUSION

For the reasons above, the Plaintiff's objection is overruled.  This resolves Dkt. No. 252. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 14, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge