UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ashu Shukla,

                      Plaintiff,

-against-

Deloitte Consulting LLP,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/2021

1:19-cv-10578 (AJN) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

       The Court has before it (1) a letter from Defendant dated June 2, 2021 (ECF No. 258) alleging Plaintiff's noncompliance with, *inter alia*, my Order dated May 13, 2021 (the "May 13 Order," ECF No. 254[1]); and (2) a responsive letter from Plaintiff dated June 7, 2021. (ECF No. 263.) Based upon its review of the parties' correspondence, and after consideration of the record as a whole, the Court hereby ORDERS as follows:

       1.      **Plaintiff's Unredacted Documents**. Paragraph 1 of the May 13 Order required that Plaintiff produce to Defendant unredacted versions of the documents with Bates stamp numbers A451-A466 and A783-A955 by May 20, 2021. (*See* 5/13/21 Order ¶ 1.) Plaintiff failed to do so. (*See* Def.'s 6/2/21 Ltr. at 5-6; Pl.'s 6/7/21 Ltr. at 6-7.) No later than 11:59 p.m. EDT on Monday, June 21, 2021, Plaintiff shall produce to Defendant, via email to the same email address(es) to which Plaintiff has sent prior productions to Defendant, unredacted versions of these documents.[2] Alternatively, no later than Monday, June 21, 2021, Plaintiff may send unredacted

---

[1] My Order at ECF No. 254 is a corrected version of an Order originally entered at ECF No. 251.

[2] Plaintiff claims to have been unable to email these unredacted documents to Defendant due to "restrict[ions]" imposed by "his email service provider 'Google.'" (Pl.'s 6/7/21 Ltr. at 6.) Any issues Plaintiff

versions of the foregoing documents via DHL courier to Defendant's counsel at Day Pitney LLP's address, in which case Plaintiff shall email a copy of the DHL receipt to Defendant's counsel no later than 11:59 p.m. EDT on Monday, June 21, 2021. Failure to comply with this paragraph shall result in Plaintiff being precluded from using these documents during pretrial proceedings or at trial, and may result in the imposition of sanctions against Plaintiff up to and including my recommendation to District Judge Nathan that his claims be dismissed.

2.   **Information Needed To Re-Serve Plaintiff**. Paragraph 2 of the May 13 Order required that Plaintiff either (a) provide Defendant with Box.com account information or a mailing address to enable Defendant to re-serve certain electronic documents, or (b) agree that Defendant could wait to re-serve such documents until Plaintiff returned to the United States from abroad.[3] (*See* 5/13/21 Order ¶ 2.) Plaintiff provided Defendant with credentials for a Box.com account, including a username clearly created by Plaintiff with the specific aim of antagonizing Defendant's counsel.[4] (*See* Def.'s 6/2/21 Ltr. at 3-4 & Ex. A.) Plaintiff is admonished for using his compliance with the May 13 Order as an opportunity to personally attack opposing counsel via quasi-defamatory innuendo, and Defendant is excused from any obligation to serve

---

is experiencing with a third-party service provider is neither the Court's, nor Defendant's, concern. Plaintiff may wish to consider (1) "free[ing] up space" in his Google account (*see* Def.'s 6/2/21 Ltr. at 5); (2) "purchas[ing] additional storage" from Google (*see id.*); (3) using a service provider other than Google; and/or (4) emailing Defendant the unredacted documents in multiple emails, rather than all in one.

[3] Defendant already has served these electronic documents upon Plaintiff via delivery of a thumb drive to Plaintiff's home address in New Jersey, the method Defendant has used to serve other document productions over the course of this action. (*See* Def.'s 6/2/21 Ltr. at 4.)

[4] That username, "brochinzoomscam@gmail.com," is made up of the components "Brochin," the surname of an attorney representing Defendant in this action, and "Zoom scam," a transparent reference to a facially absurd allegation that Plaintiff has made against that attorney in a separate lawsuit he filed against Defendant and others. (*See* Def.'s 6/2/21 Ltr. at 4.)

anything via this Box.com account. In light of his gamesmanship, Plaintiff has forfeited the option of being re-served via Box.com. If Plaintiff still wishes for Defendant to re-serve these electronic documents, then he shall, no later than 11:59 p.m. EDT on Monday, June 21, 2021, email Defendant a mailing address to which a thumb drive containing such documents may be sent, in which case Defendant shall serve such documents on that address within one week thereafter. Unless Plaintiff timely complies with the foregoing, Defendant is excused from any obligation to re-serve these electronic documents.

3. **Paragraphs 4(b) And 4(d) Of My February 11 Order**. Paragraph 3 of the May 13 Order required that Plaintiff, no later than May 27, 2021, complete his production to Defendants of all documents within his possession, custody or control responsive to paragraphs 4(b) or 4(d) of my Order dated February 11, 2021 (those paragraphs corresponding to the second, third, fifth and seventh document requests in Defendant's letter dated January 8, 2021). (*See* 5/13/21 Order ¶ 3 (referencing 2/11/21 Order, ECF No. 208); Pl.'s 1/8/21 Ltr., ECF no. 182, at 2.) Apparently, in lieu of producing anything in response to this directive, Plaintiff filed an Objection to the May 13 Order, which he styled a "Motion to Partially Vacate Court's Order Dated 05/13/21." (Def.'s 5/27/21 Obj., ECF No. 252; *see* Def.'s 6/2/21 Ltr. at 3-4; Pl.'s 6/7/21 Ltr. at 6.) Earlier today, District Judge Nathan rejected that Objection and adopted the May 13 Order in full.[5] (6/14/21 Mem. Op.

---

[5] The Court notes that the only "[p]art[]" of the May 13 Order that Plaintiff's Objection sought to "[v]acate" was the requirement that Plaintiff produce documents corresponding to Defendant's seventh document request. (*See* Pl.'s Obj. Br., ECF No. 253, at 20-22.) Plaintiff objected to that seventh document request, which seeks documents relating to his allegation that Deloitte employee Joanna Rohde is a government agent, on the basis that this allegation is to be found only in his proposed and rejected Fourth Amended Complaint. (*See* Pl.'s Obj. Br., ECF No. 253, at 20-22.) But Plaintiff's motion conceded that documents related to his Third Amended Complaint are fair game, and that the other provisions of paragraph 3 of the May 13 Order "specifically require [him] to focus on [the Third Amended Complaint]." (*Id.* at 22.) Accordingly, notwithstanding his now-rejected Objection, Plaintiff never was excused from compliance

& Order, ECF No. 267.) Accordingly, no later than 11:59 p.m. EDT, on Monday, June 21, 2021, Plaintiff shall complete his production, via email to the same email address(es) to which Plaintiff has sent prior productions to Defendant, of all documents responsive to subparagraphs 4(b) and 4(d) of my February 11 Order.[6] Alternatively, no later than Monday, June 21, 2021, Plaintiff may send the subject documents via DHL courier to Defendant's counsel at Day Pitney LLP's address, in which case Plaintiff shall email a copy of the DHL receipt to Defendant's counsel no later than 11:59 p.m. EDT on Monday, June 21, 2021. Plaintiff shall be precluded from using during pretrial proceedings or at trial any such document that he fails to produce in compliance with this paragraph; in addition, failure to comply with this paragraph may result in the imposition of sanctions up to and including my recommendation to District Judge Nathan that Plaintiff's claims be dismissed.

4. **Plaintiff's Final Set of Document Requests**. Paragraph 4 of the May 13 Order gave Plaintiff until May 27, 2021 to serve any final set of Requests for Documents, which could comprise up to 20 document requests, sub-parts included. (*See* 5/13/21 Order ¶ 4.) At the telephone conference held immediately prior to issuance of the May 13 Order, the Court explained to Plaintiff, through reference to Plaintiff's previously-served Eighth Requests for the Production of Documents (the "Eighth Requests"), that to the extent Plaintiff chose to serve requests that overlapped with previously-served requests, he was responsible for narrowing

---

with the remainder of Paragraph 3 of the May 13 Order, requiring him to produce documents responsive to Defendant's second, third and (as modified) fifth document requests.

[6] Paragraph 4(d) of my February 11 Order calls for production of certain documents that "relate to Plaintiff's employment with Defendant or concern or support the allegations of the Third Amended Complaint." (2/11/21 Order ¶ 4(d).) To be clear, Plaintiff need only produce such documents that either (1) relate to Plaintiff's employment with Defendant, or (2) concern or support those allegations of the Third Amended Complaint that correspond to claims that have not been dismissed.

those prior requests to ensure that the new requests are not seeking information pertaining to dismissed claims or to rejected amended complaints:

> But with respect to the [Eighth Requests], there are many requests in there that relate to gender discrimination and that relate to your Fourth Amended Complaint. And one of the reasons why I'm permitting you to serve . . . additional requests is so you can go through and weed out those things that aren't any longer part of this case. So whatever you think in [the Eighth Requests] you're entitled to . . . , you're going to indicate what those requests are, and Deloitte's going to either . . . say, sure, we'll produce the documents, or they'll issue some objection and I'll rule on it. **So I am not going through your [Eighth Requests] item by item. You are to narrow [them] appropriately.** Even if you disagree with Deloitte on, you know, what requests are germane to the remaining claims, **you certainly are not allowed to ask any more for production of documents that relate to the gender discrimination claim or that relate to the claims in the Fourth Amended Complaint.**

(5/13/21 Tr., ECF No. 256, at 14:10-15:6 (emphasis added).) On May 31, 2021—four days after the deadline provided for by the May 13 Order—Plaintiff emailed Defendant a letter purporting to describe a set of 19 document requests, largely via reference to an enclosed copy of the Eighth Requests. (*See* Def.'s 6/2/21 Ltr. at 6 & Ex. F; Pl.'s 6/7/21 Ltr. at 7.) Notwithstanding the Court's instructions regarding sub-parts, Plaintiff defined one of his "new" requests as the combination of fifteen of the separate requests listed in the Eighth Requests. (*See* Def.'s 6/2/21 Ltr. at 6 & Ex. F.) Moreover, all but one of Plaintiff's other "new" requests are simply reissued prior requests, several of which encompass dismissed claims, including Plaintiff's gender discrimination claims, and/or the rejected Fourth Amended Complaint.[7] Thus, Plaintiff's document requests are not

---

[7] For example, the first request seeks "[a]ll documents concerning the allegations in the Plaintiff's Third Amended Complaint," notwithstanding the fact that many such allegations pertain to claims that have been dismissed. (Pl.'s 5/31/21 Email, ECF No. 258-6, PDF at 12, Req. No. 1; *see also id.* PDF at 12, Req. No. 2 (seeking "[a]ll documents concerning the allegations . . . that the plaintiff was harassed, discriminated against, retaliated against, or singled out regarding plaintiff's . . . gender"); *id.*, PDF at 8-9, Req. No. 20 (seeking "[a]ll documents . . . concerning the separation or termination of other employees mentioned in [P]laintiff's Fourth Amended Complaint").)

only untimely but also in blatant violation of the Court's directives at the May 13 telephone conference and in the May 13 Order. Finally, and in any event, the Court finds Plaintiff's identified requests to be disproportional to the needs of the case, taking into account the parties' document production to date. (*See* 5/13/21 Order at 2 n.1.) Accordingly, Defendant is relieved from any obligation to respond to, object to or produce documents responsive to this final set of Plaintiff's document requests.

5. **Defendant's Final Document Request**. Paragraph 5 of the May 13 Order gave Defendant until May 27, 2021 to serve a final document request concerning Plaintiff's efforts to mitigate his damages, and gave Plaintiff until June 3, 2021 to serve responses and/or objections thereto. (*See* 5/13/21 Order ¶ 5, 6.) On May 27, 2021, Defendant served that request. (*See* Def.'s 6/2/21 Ltr. at 2 n.2.) No later than Monday, June 21, 2021, Plaintiff shall produce to Defendant (by email or DHL courier, as above) all documents responsive to that request and not subject to any objection he served by June 3, 2021. Any objection to that request that Plaintiff did not serve by June 3, 2021 is waived.

6. **Depositions**. Given that document discovery is nearly complete, depositions shall commence promptly and proceed as follows:

   a. Absent leave of Court, Depositions shall be limited to six per side, which is the amount the Court finds to be proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(A). No later than Wednesday, June 30, 2021, each party shall file a letter on ECF indicating the persons he or it intends to depose. No later than Wednesday, July 14, 2021, Defendant shall file a letter confirming which of the persons whom Plaintiff intends to depose are current

employees of Defendant, and, with regard to each of those persons who is not, whether Defendant will represent him or her at deposition.

b. Plaintiff's deposition shall be completed within 30 days of this Order.

c. All depositions shall be completed within 90 days of this Order. However, that deadline may be extended for specific depositions on the basis of witness availability.

7. **Appeals To The Second Circuit Do Not Stay Proceedings Before This Court**. Plaintiff is advised that the fact that he has appealed several Orders in this action to the Second Circuit does not excuse Plaintiff's compliance with such Orders (or any other Order of this Court), because the Second Circuit has not issued any stay of those Orders. To be clear: Plaintiff must timely and fully comply with all Court Orders (including this one) and all Court-imposed deadlines, regardless of whether Plaintiff has any appeals pending before the Second Circuit.

8. **Strict Compliance**. Going forward, the parties shall be in strict compliance with the Court's Individual Rules and with all Court Orders, including with regard to page limits and deadlines. This includes full compliance with District Judge Nathan's Memorandum Opinion and Order dated June 14, 2021 (ECF No. 267), as well as full compliance with this Order. Plaintiff has been warned on multiple occasions that sanctions *may* be imposed upon him for failure to abide by Court Orders (*see*, *e.g.*, 2/11/21 Order, ECF No. 208, ¶ 9; 3/30/21 Order, ECF No. 238, at 2), yet (as reflected in paragraphs 1 and 3 above) Plaintiff continues to violate Court Orders. Plaintiff is forewarned that, if this conduct continues, sanctions *shall* be imposed.

**SO ORDERED.**

Dated:        New York, New York
                June 14, 2021

                                                          _____
                                                          STEWART D. AARON
                                                          United States Magistrate Judge