

**ENDORSEMENT:** Plaintiff shall file any response no later than 11:59 p.m. EDT on Thursday, June 25, 2021. If Plaintiff fails to timely respond, or if Plaintiff's response fails to propose deposition dates between July 17 and July 30, 2021, the Court intends to Order Plaintiff to appear for deposition for up to seven hours on July 23, 27 and/or 28 between the hours of 9:00 a.m. and 12:30 p.m. EDT. SO ORDERED. Dated: June 22, 2021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/2021

June 21, 2021

**VIA ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street – Room 190
New York, NY 10007

      Re:   *Shukla v. Deloitte Consulting LLP*
             **Civil Action No. 1:19-cv-10578 (AJN) (SDA)**

Dear Judge Aaron:

     This Firm represents defendant Deloitte Consulting LLP ("defendant" or "Deloitte") in the referenced matter. We write regarding the portion of the Court's Order dated June 14, 2021 (ECF No. 268) (the "June 14 Order") that addressed the schedule for the deposition of *pro se* plaintiff Ashu Shukla. (*See* ECF No. 268). For the reasons set forth below, defendant respectfully requests the Court: (1) provide defendant a brief extension of the period in which defendant may take plaintiff's deposition through July 30, 2021; and (2) require plaintiff to appear for his deposition on July 23, 27, or 28 during regular business hours (EST).

     The June 14 Order required, among other things, that defendant take plaintiff's deposition thirty days from the entry of that Order, or by July 14, 2021. (*See* ECF no. 268, ¶ 6(b)). The June 14 Order also warns plaintiff that his strict compliance is required and notes that he has "been warned on multiple occasions that sanctions *may* be imposed upon him for failure to abide by the Court's orders" and that, if plaintiff continues to violate the Court's orders, he is "forewarned that . . . sanctions *shall* be imposed." (*Id.*, ¶ 8) (emphasis in original).

     Due to previously scheduled obligations, the holiday weekend, and travel, defendant realized that it would need to request a brief extension of the Court's July 14, 2021 deadline to depose plaintiff. On June 17, 2021, defendant sought plaintiff's consent to extend this deadline and attempted to ascertain his availability for deposition in late July. (*See* **Exhibit A**). Defendant desired to seek this consent in good faith before reaching out to Your Honor for permission. In response to defendant's communication seeking additional time and inquiring about plaintiff's availability for deposition on July 23, 27, and 28, plaintiff stated that he intends to "challenge each and every part of Magistrate Judge Aaron's discovery orders." (*Id.*). He did

not respond regarding the requested extension or proposed deposition dates. We believe that additional meet and confer efforts will be futile based on this response.

Further, plaintiff's response to counsel regarding contemplated challenges to Your Honor's June 14 Order is consistent with his recent filings in violation of Judge Nathan's Order dated June 14, 2021 (the "Nathan June 14 Order"). (*See* ECF No. 267). The Nathan June 14 Order prohibited plaintiff from, among other things, filing letters on the ECF docket making legal arguments and/or asserting factual allegations in support of his claims or making unsubstantiated allegations against Your Honor and Judge Nathan. (*Id.* at 9). Later the same evening, and within 48 hours thereafter, plaintiff filed a reply brief to a motion Judge Nathan already decided, a letter motion to "re-open" Judge Nathan's decision, and a letter requesting a hearing before Judge Nathan on reopening his motion and making repeated baseless allegations of fraud by Your Honor and defendant. (*See* ECF Nos. 269-271).

Defendant is concerned that it will continue to expend resources addressing deposition scheduling and preparation, and then face motion practice, obstacles and lack of cooperation from plaintiff resulting in further costs and disruption. Accordingly, defendant respectfully requests the Court: (1) grant defendant's request to extend the time to take plaintiff's deposition through July 30, 2021; (2) enter an Order requiring plaintiff to appear for his deposition on July 23, 27, or 28 during business hours (EST); (3) outline sanctions for plaintiff's failure to appear and cooperate with depositions, up to and including dismissal of his lawsuit; and (4) provide such other relief as is just and proper for continuing violations of court orders.

Respectfully submitted,

Gregory S. Tabakman

Attachment

cc: Ashu Shukla, plaintiff *pro se* (via ECF)
Heather Weine Brochin, Esq. (via ECF)

108849147.1