# DAY PITNEY LLP

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   WASHINGTON, DC

**GREGORY S. TABAKMAN**
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966-8020 F: (973) 273-4594
gtabakman@daypitney.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/2021

June 25, 2021

**VIA ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street – Room 190
New York, NY 10007

      Re:    *Shukla v. Deloitte Consulting LLP*
              **Civil Action No. 1:19-cv-10578 (AJN) (SDA)**

Dear Judge Aaron:

      This Firm represents defendant Deloitte Consulting LLP ("defendant" or "Deloitte") in the referenced matter. We write seeking clarification of the Court's Orders due to *pro se* plaintiff, Ashu Shukla's ("plaintiff") failure to comply with the Court's Order dated February 11, 2021 (the "February 11 Order") (ECF No. 208) and portions of the Court's Order dated June 14, 2021 (the "June 14 Order") (ECF No. 268). For the reasons set forth below, defendant respectfully requests the Court: (1) enter an Order directing plaintiff to un-redact his supplemental document production and impose additional relief as the Court deems just and proper; and (2) direct plaintiff to provide defendant an address to which defendant can serve its supplemental document production directly on him.

      **A.**    **Plaintiff's Continued Redactions in Violation of the Court's Orders**

      In relevant part, the February 11 Order communicated that the "only permitted bases for Plaintiff's use of redactions are: (i) attorney-client privilege ("ACP") and (ii) physician-patient privilege ("PPP") and stated that, to the extent plaintiff produced documents redacted for any other reason, he was required to reproduce those documents in un-redacted form. (*See* ECF No. 208, ¶ 2). The June 14 Order required plaintiff, among things,[1] to produce documents that demonstrate plaintiff's allegations that Deloitte employee Joanna Rohde ("Rohde") is a district attorney or agent of the Federal Bureau of Investigation or Department of Justice, or any other governmental agency. (ECF No. 268, ¶ 3). On June 21, plaintiff produced documents Bates-stamped A1490 through A1538, purporting to be "Joanna Rohde Additional Evidence." (*See*

---

[1] The June 14 Order also required plaintiff to un-redact and reproduce medical records. Plaintiff complied with this part of the June 14 Order but did not Bates-stamp the documents. Defendant has also asked plaintiff to properly Bates-stamp them.

108881279.2

**Exhibit A**). Notably, A1507 through A1531 contain a series of text messages with unidentified phone numbers. (*Id.*). These documents contain redactions on every page, including redactions to the phone number from which the text messages allegedly were sent and to the substance contained therein.

On June 24, defendant e-mailed plaintiff and advised him that his document production contained inappropriate redactions and asked him to cure this violation of the Court's Orders by Friday, June 25. (*See* **Exhibit B**). Defendant also asked plaintiff to Bates-stamp the medical records he reproduced. Defendant never received a response from plaintiff. Accordingly, plaintiff continues to violate the Court's Orders and defendant respectfully requests the Court order plaintiff to un-redact these documents, properly Bates-stamp the reproduced documents, and impose other relief the Court deems just and proper.

### B. Plaintiff's Address for Defendant to Re-Produce a Supplemental Document Production

On or about April 19, 2021, plaintiff advised defense counsel that he was out of the country. (*See* ECF No. 247). On May 13, the parties held a teleconference with Your Honor to address outstanding discovery, which resulted in the Court's Order of the same date (the "May 13 Order"). During the conference, the parties discussed that defendant previously sent a supplemental document production to plaintiff's residence in New Jersey, which he did not receive because he was traveling to India. The May 13 Order required plaintiff to, among other things: (1) provide defense counsel with a Box.com account for defendant to electronically transmit the supplemental document production; or (2) provide a mailing address "sufficient to allow Defendant to serve electronic files *on Plaintiff* by sending a thumb drive to that address." (ECF No. 254, ¶ 2) (emphasis added).[2] Plaintiff chose to provide Box.com credentials that were entirely inappropriate. (*See* ECF No. 258).

The June 14 Order noted that the Box.com account credentials created by plaintiff were "clearly created by Plaintiff with the specific aim of antagonizing defense counsel." (ECF No. 268, ¶ 2). The June 14 Order continued that "[i]n light of his gamesmanship, plaintiff has forfeited the option of being re-served via Box.com" and directed plaintiff to provide a mailing address to defendant by June 21 so that defendant could send a thumb drive containing the document production to him. (*Id.*). The June 14 Order thereafter provided defendant one week to serve such documents, which would be Monday, June 28. (*Id.*).

Defense counsel understands that plaintiff remains in India. Rather than provide defense counsel with the overseas address where he is presently located, plaintiff continued his gamesmanship. On June 21, plaintiff e-mailed defense counsel to request that defendant send the document production to him, "c/o Niti Aggarwal" at an address in Minnesota. (*See* **Exhibit B**).

---

[2] The May 13 Order also permitted plaintiff to represent that he would wait to receive the supplemental document production until he was back in the United States.

Plaintiff never advised that he is presently located at this address in Minnesota. While plaintiff has asserted in some filings that Dr. Aggarwal is his girlfriend, she is neither a party to this lawsuit nor counsel representing plaintiff. On June 23, defense counsel responded to plaintiff's request and explained that Dr. Aggarwal is not a party to this lawsuit, and defendant could not serve confidential and proprietary documents upon a third party with whom it has never had contact and who otherwise has not been involved in this lawsuit. (*Id.*). On June 24, defense counsel sent a follow-up e-mail to plaintiff asking plaintiff to advise whether he has returned to the United States or to provide an address in India to which defendant could send the thumb drive. (*Id.*). Defendant never received a response from plaintiff.

Defendant is ready and willing to reproduce its supplemental document production to plaintiff,[3] but it simply cannot serve documents it has marked as confidential, pursuant to the Protective Order entered in this case (ECF No. 132), upon a third party identified by plaintiff. Accordingly, defendant respectfully requests that the Court relieve it from serving the supplemental document production by June 28 to a third party and direct plaintiff to provide an address in India at which he currently resides for defendant to serve the supplemental document production.

For the foregoing reasons, defendant respectfully requests the Court: (1) enter an Order directing plaintiff to un-redact his supplemental document production and impose additional relief as the Court deems just and proper; and (2) direct plaintiff to provide defendant an address to which defendant can serve its supplemental document production directly on him and relieve defendant from re-serving its supplemental document production by June 28.

Respectfully submitted,

Gregory S. Tabakman

Attachments

cc: Ashu Shukla, plaintiff *pro se* (via ECF)
Heather Weine Brochin, Esq. (via ECF)

Plaintiff shall file any response to Defendant's 6/25/21 letter (ECF No. 284) no later than 11:59 p.m. EDT on Wednesday, June 30, 2021. If Plaintiff fails to provide, in such a response, a mailing address *in India* to which a thumb drive may be sent *directly to him*, then Defendant shall be relieved of any obligation to re-serve the subject documents. In the interim, the deadline for Defendant to re-serve its supplemental document production is extended *sine die*. SO ORDERED.
Dated: 6/26/2021

---

[3] This Court is already aware defendant served a thumb drive containing the document production upon plaintiff at his New Jersey residence and thereafter learned plaintiff was no longer in the United States.

108881279.2