UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/21

Shukla,

                Plaintiff,

–v–

Deloitte Consulting LLP,

                Defendant.

19-cv-10578 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On June 23, 2021, the Court issued an Order denying Plaintiff's "Letter Motion to Reopen" (Dkt. No. 270) the Court's June 14, 2021 Memorandum Opinion & Order (Dkt. No. 267). Dkt. No. 277. The Court explained that this filing, as well as Plaintiff's other recent filings (Dkt. Nos. 271-273, 276), violated the clear instructions the Court provided for Plaintiff in its June 14, 2021 Memorandum Opinion & Order (Dkt. No. 267). The Court ordered Plaintiff to re-read pages 8-10 of the opinion, which provide the following instructions:

1. The Plaintiff may **only** challenge the rulings in this Court through the following methods: (1) a motion for reconsideration or (2) an objection (for Judge Aaron's orders) or (3) an appeal to the Second Circuit (for the Undersigned's appealable orders). A motion for reconsideration is only appropriate if the Plaintiff believes that the Court has overlooked "an intervening change of controlling law," that there is "the availability of new evidence," or that there is otherwise a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). **It is not appropriate to file a motion for reconsideration solely**

1

**because the Plaintiff believes that the Court was incorrect on the merits.** *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). If the Plaintiff disagrees with Judge Aaron or the Undersigned's decision on the merits and has a legal basis for doing so, his only option is to file a timely objection of Judge Aaron's decision that comports with the Court's formatting rules or file a timely appeal of the Undersigned's decision to the Second Circuit if it is an appealable order. Outside of the two aforementioned options, the Plaintiff may not continue to raise issues that have already been decided in subsequent motions, objections, or letters.

2. Letters to the Court should be filed **only** for the purpose of addressing scheduling issues, making requests for extensions of time, making requests for leave to file excess pages, asking for clarification on the Court's rules, and similar kinds of procedural matters. Letters should be brief and should not ordinarily exceed one to five pages double spaced. Letter-motions may be filed, but only for the nondispositive matters described in Local Rule 7.1(d).

3. The Plaintiff is **not permitted** to use letters to make legal arguments in support of his claims. Legal arguments should be reserved for memoranda of law in support of motions and objections, or briefs in opposition or reply, and must comply with the formatting rules and page requirements of the Court.

4. The Plaintiff is also **not permitted** to use letters as an opportunity to make factual allegations against the Defendant and other persons that are asserted in support of the

Plaintiff's legal claims in this case. Factual allegations should be reserved for the pleadings, motions for summary judgment, other briefings, and trial.

5. The Plaintiff is **<u>not permitted</u>** to file letters making unsubstantiated allegations of bias or impropriety against Judge Aaron or the Undersigned. These allegations are properly reserved for briefings in support of any non-frivolous motion for recusal.

6. In accordance with Federal Rules of Civil Procedure Rule 11, the Plaintiff must refrain from making factual assertions for which he has no evidentiary support or for which a reasonable person would not believe that there would be factual support after an investigation.

Despite the Court's repeated warnings, Plaintiff has continued to submit excessive and vexatious filings that violate the Court's clear instructions.

On June 24, 2021, Plaintiff filed a response (Dkt. No. 278) in support of his improperly filed "Letter Motion to Reopen" (Dkt. No. 270), which the Court had already denied a day earlier (Dkt. No. 277). This filing violates instruction #1 above and is an example of Plaintiff's continued refusal to accept the Court's rulings. It also violates instructions #2-4, as letters are only to be filed with the court for procedural and administrative matters and should not include legal argument or factual accusations related to Plaintiff's legal claims.

That same day, Plaintiff filed a letter making baseless accusations against the Court and court employees. Dkt. No. 280. This filing violates instructions #2-4, as it is an improper use of a letter, and also violates instructions #4-6, as Plaintiff is not permitted to file letters for the

purpose of making factual allegations about the Defendant, accusing the Court of bias, and making claims for which he has no evidentiary support and for which no reasonable person could believe there would be factual support after an investigation.

Plaintiff also filed a motion requesting that the Court "refer this case to a Three (3) Judge Panel" pursuant to 28 U.S.C. § 2284. Dkt. No. 279. That motion is meritless and is DENIED.

Plaintiff then filed on June 25, 2021 a "Motion to Vacate the Court's Opinion adopting Judge Aaron's Report & Recommendation" (Dkt. No. 227), which was accompanied by a memorandum of law that exceeds the Court's page limits. Dkt. No. 281-282. Plaintiff moves pursuant to Federal Rule of Civil Procedure 60(a), which allows a court to correct "a clerical mistake or a mistake arising from oversight or omission," as well as rule 60(b), which provides relief from a final judgment or order on various grounds, including "newly discovered evidence" "fraud," and "any other reason that justifies relief." Fed. R. Civ. P. 60(a), (b). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quotations omitted). Moreover, a "Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Loc. 803 I.B. of T. Hlth. & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013). Plaintiff's motion mostly rehashes the same arguments that Plaintiff made in his objection to Judge Aaron's Report & Recommendation and does not otherwise meet the standard for relief under Rule 60(a) or (b). Plaintiff's motion is therefore DENIED.

Lastly, Plaintiff filed a "Motion to Vacate" Judge Aaron's discovery order (Dkt. No. 283). Dkt. No. 285. The Court construes this motion as an objection pursuant to Federal Rules of Civil Procedure Rule 72(a). The objection is frivolous and is OVERRULED. This filing also

violates instruction #6 because it contains further baseless accusations of bias against Judge Aaron.

As the Court has made clear, Plaintiff's *pro se* status is no excuse for his "obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008). Like all other litigants before the Court, **Plaintiff must comply with court orders, including the above instructions regarding his filings and Judge Aaron's discovery orders, or he will be subject to sanctions, which could include dismissal of his case pursuant to Fed. R. Civ. P. 41(b).**

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

This Order resolves Dkt. Nos. 270, 279, 281, and 285.

SO ORDERED.

Dated: June 29, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge

5