UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ashu Shukla,

                Plaintiff,

-against-

Deloitte Consulting LLP,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2021

1:19-cv-10578 (AJN) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, in an Order, dated February 11, 2021, the Court provided that "[t]he only permitted bases for Plaintiff's use of redactions are: (i) attorney-client privilege ('ACP') and (ii) physician-patient privilege ('PPP')" (2/11/21 Order, ECF No. 208, at 3); and

WHEREAS, in an Order, dated June 14, 2021, the Court, among other things, (i) ordered Plaintiff to produce unredacted versions of certain medical records; (ii) permitted Plaintiff to provide a mailing address at which he could be served with Defendant's supplemental document production; and (iii) ordered Plaintiff to complete production of documents relating to his allegation that Defendant's employee Joanna Rohde is a government agent (6/14/21 Order, ECF No. 268, ¶¶ 1-3); and

WHEREAS, on June 25, 2021, Defendant filed a letter asserting that Plaintiff (i) had produced unredacted medical records but had not Bates-stamped them; (ii) had provided as a mailing address for service the Minnesota address of a third party, not the address at which Plaintiff is presently located in India; and (iii) had produced documents purportedly relating to his Joanna Rohde allegations but had improperly redacted them (specifically, documents Bates-

stamped A1507 through A1531), and requesting that the Court enter an order directing Plaintiff to remedy these deficiencies (Def.'s 6/25/21 Ltr., ECF No. 284); and

WHEREAS, on June 26, 2021, the Court entered an Order directing Plaintiff to respond to Defendant's 6/25/21 letter by June 30, 2021, and providing that, "[i]f Plaintiff fails to provide, in such a response, a mailing address *in India* to which a thumb drive may be sent *directly to him*, then Defendant shall be relieved of any obligation to re-serve [its supplemental document production]" (6/26/21 Order, ECF No. 287 (emphasis in original)); and

WHEREAS, on June 30, 2021, Plaintiff filed a letter response to Defendant's 6/25/21 letter, but did not provide in that response a mailing address in India to which a thumb drive may be sent directly to him (Pl.'s 6/30/21 Ltr., ECF No. 291).

NOW, THEREFORE, it is hereby ORDERED, as follows:

1. No later than Thursday, July 8, 2021, Plaintiff shall serve on Defendant properly Bates-stamped unredacted versions of the documents Bates-stamped A1507 through A1531.[1]

2. No later than Thursday, July 8, 2021, Plaintiff shall serve on Defendant properly Bates-stamped versions of the unredacted medical records he produced in response to the Court's 6/14/21 Order.[2]

---

[1] Plaintiff argues that he should not be required to serve unredacted versions of these documents (i) because Defendant received these same documents in September 2020 and at that time "accepted the evidence as is"; and/or (ii) because the redacted documents contain profane language. (Pl.'s 6/30/21 Ltr. at 2.) But Plaintiff cites no authority to support his position that either of these rationales is a valid basis for redaction, and the Court finds that they are not, especially in light of the Court's previously stated directive that Plaintiff is permitted to redact only on the basis of ACP and PPP. (*See* 2/11/21 Order at 3.)

[2] Plaintiff's 6/30/21 Letter does not oppose this request from Defendant.

2

3. Defendant is relieved of any obligation to re-serve its supplemental document production.³

**SO ORDERED.**

Dated:     New York, New York
           July 1, 2021

*Stewart D. Aaron*
_____
STEWART D. AARON
United States Magistrate Judge

---

³ Defendant already has served its supplemental production on Plaintiff via delivery of a thumb drive to Plaintiff's home address in New Jersey. (*See* Def.'s 6/25/21 Ltr. at 3 n.3.)