USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shukla,

                Plaintiff

–v–

Deloitte Consulting LLP,

                Defendant.

19-cv-10578 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

       Plaintiff Ashu Shukla brings claims for discrimination and retaliation against his former employer, Defendant Deloitte Consulting LLP. Magistrate Judge Aaron issued an Order denying Plaintiff's motions to compel Defendant to take a deposition of Dr. Niti Aggarwal and to vacate a prior order denying a motion for reconsideration, and a Report & Recommendation recommending that the Court dismiss Plaintiff's case with prejudice pursuant to Federal Rules of Civil Procedure 37 and 41(b). Plaintiff filed objections to the Order and Report & Recommendation, as well as another motion challenging a number of the Court's previous orders. For the reasons that follow, the Court denies Plaintiff's motion, overrules Plaintiff's objections, adopts the Report & Recommendation in its entirety, and dismisses the complaint with prejudice.

    I.      BACKGROUND

       The Court assumes familiarity with the facts and procedural history of this case and will restate them only briefly here. Plaintiff, who is proceeding *pro se*, brings federal and state discrimination and retaliation claims against Defendant, his former employer. The Court

1

referred the matter to the Magistrate Judge Aaron for general pre-trial supervision. Dkt. No. 17. On July 23, 2021, Magistrate Judge Aaron issued an Order denying Plaintiff's motion to compel Defendant to take a deposition of Dr. Niti Aggarwal and his motion to vacate an order denying his motion for reconsideration. Dkt. No. 314. Judge Aaron also issued a Report & Recommendation recommending that the Court dismiss Plaintiff's claims with prejudice pursuant to Federal Rules of Civil Procedure 37 and/or 41(b). *Id.*

Immediately following this Order and Report & Recommendation, Plaintiff filed a "Motion to Vacate" the Order and Report & Recommendation and a "Motion for Reconsideration" of Judge Aaron's denial of his motion to compel Defendant to take a deposition of Dr. Niti Aggarwal. Dkt. Nos. 315, 317. In an Order on July 26, 2021, the Court explained that it was construing these filings as objections to Judge Aaron's Order and Report & Recommendation under Fed. R. Civ. P. 72(b) and ordered that Defendant had until August 9, 2021 to file a single response and that Plaintiff had until August 16, 2021 to file a single reply. Dkt. No. 319.

Despite the Court's express warning to Plaintiff in this Order that he "has no basis to make additional filings other than his single reply to Defendant's opposition" and that failure to comply with the Court's instructions in the Order "will serve as further grounds for sanctions, including dismissal of his action[,]" Dkt. No. 319, Plaintiff immediately filed that same day a "Letter Motion for Oral Argument on Plaintiff's Rule 60(b) motion" in which he declared that the Court's July 26, 2021 Order is "NULL and VOID" and requested that the Court provide further explanations for its denial of approximately nine of Plaintiffs' previous motions, many of which were denials of motions for reconsideration. Dkt. No. 320.

Defendant filed its opposition to Plaintiffs' objections on August 9, 2021 and Plaintiff filed a response in support of his objections on August 16, 2021.  Dkt. Nos. 321-322.

## II.   LEGAL STANDARD

A court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain motions.  28 U.S.C. § 636(b)(1)(B).  If a party timely objects to the findings or recommendations of the magistrate judge, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *United States v. Male Juvenile* (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997) (quoting 28 U.S.C. § 636(b)(1)).

## III.   DISCUSSION

Before the Court are Plaintiff's July 26, 2021 "Letter Motion for Oral Argument", Plaintiff's objections to Judge Aaron's July 23, 2021 Order denying Plaintiff's motions, and Plaintiff's objections to Judge Aaron's July 23, 2021 Report & Recommendation recommending dismissal of Plaintiff's claims with prejudice.  Dkt. Nos. 315, 317, 320, 322.  For the reasons that follow, Plaintiff's motion is denied, Plaintiff's objections are overruled, and the Report & Recommendation is adopted in full.

### A.  July 26, 2021 "Letter Motion for Oral Argument"

Plaintiff' filed a motion on July 26, 2021 declaring that the Court's July 26, 2021 Order as "NULL and VOID" and requesting the Court provide explanations for its denial of approximately nine previous motions.  Dkt. No. 320.  This motion is thoroughly frivolous and is denied.  Moreover, this motion, which was filed immediately after the Court's clear warning that

3

Plaintiff has no basis to make such a filing, provides further grounds for the Court's decision to dismiss Plaintiff's case with prejudice, as discussed below.

### B. Objections to Judge Aaron's Order Denying Plaintiff's Motion to Compel and Motion to Vacate

Judge Aaron denied Plaintiff's motion to compel Defendant to depose Dr. Niti Aggarwal on the grounds that there was no legal basis in the Federal Rules or otherwise for this request. Dkt. No. 314 at 8. In Plaintiff's objections, he mostly rehashes the same arguments he made in his initial motion regarding why he believes Dr. Aggarwal's testimony is important this case. But Plaintiff does not meaningfully challenge the core reason for Judge Aaron's denial. While Plaintiff correctly points out that the Federal Rules provide for compelling witnesses to testify or produce evidence via a subpoena generally, Plaintiff has identified no source of law – and the Court is aware of none – providing a basis for the Court to compel *Defendant* to *take* a deposition of any individual. Plaintiff's objection is therefore overruled.

Plaintiff did not make any arguments with respect to Judge Aaron's denial of his "Motion to Vacate" Judge Aaron's previous denial of a motion for reconsideration. In any event, the Court determines that denial is appropriate for the reasons stated in Judge Aaron's Order and Report & Recommendation. Dkt. No. 314 at 8-9.

### C. Objections to Judge Aaron's Report & Recommendation recommending dismissal of Plaintiff's case with prejudice pursuant to Rule 37 and/or 41(b)

In his Report & Recommendation recommending dismissal with prejudice, Judge Aaron provided thorough reasoning and assessment of the relevant factors under Federal Rules of Civil Procedure 37 and 41(b). Dkt. No. 314 at 9-12. For the reasons that follow, the Court adopts that recommendation in full and dismisses Plaintiffs' complaint with prejudice.

**1. Dismissal is appropriate**

The Court begins by briefly summarizing the justifications for dismissal in this case. As detailed thoroughly in Judge Aaron's Report & Recommendation, throughout this litigation Plaintiff has refused to accept unfavorable rulings from the Court. Plaintiff has continually deemed each decision that does not go his way "biased," *see e.g.,* Dkt. Nos. 269, 270, 273, 276, 285, 289, 295, 297, and responded with meritless motions for reconsideration, motions to "vacate," or motions to "reopen," *see e.g.,* Dkt. Nos. 111, 125, 146, 149, 157, 159, 209, 214, 224, 226, 252, 270, 281, 285, 289, 299, 303, 307, 310, 315, 317. Plaintiff has repeatedly flouted the Court's orders and disobeyed its clear instructions, *see e.g.,* Dkt. Nos. 267, 277, 288, 298, 306, 309, including by refusing to consent to his court-ordered deposition, *see* Dkt. No. 314. Indeed, on a few occasions Plaintiff has gone as far as to presumptuously declare that the Court's orders are invalid or that the Court lacks authority, *see, e.g.,* Dkt. No. 270, 289, or that motions the Court had already denied were "still valid and must be accepted by the court," Dkt. No. 299, or that Plaintiff had "disqualified" Judge Aaron from this case, despite the fact that Plaintiff's previous motions for recusal have all been denied as meritless. Dkt. No. 285.

Further, Plaintiff has continued to display caustic behavior unfit for litigants before this Court. This has included leveling insults and outlandish accusations against the Court, opposing counsel, and other individuals involved in this litigation. *See, e.g.,* Dkt. Nos. 270 (accusing the Court of "co-writing" an order with the Defendant), 270 (calling for the arrest and criminal prosecution of Defendant's employee), 297 (making frivolous accusations of bias against the Court's employees), 316 (making a sanctionable insult towards Judge Aaron), 332 (launching personal attacks against opposing counsel).

The Court is not obligated to permit in perpetuity Plaintiff's repetitive challenges to the Court's decisions, his barrage of frivolous and excessive filings, and his refusal to meet his


discovery obligations. To the contrary, the Court has an obligation to prevent such a waste of the judiciary's resources and the extreme prejudice to the Defendant from absorbing the costs of a protracted litigation. *See Jones v. Niagara Frontier Transportation Authority*, 836 F.2d 731, 734-35 (2d Cir. 1987).

Moreover, dismissal at this juncture is appropriate because Plaintiff has received sufficient notice and opportunity to be heard. "[S]evere sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply." *Urbont v. Sony Music Ent.*, No. 11 CIV. 4516 NRB, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014). That is certainly the case here. A few months ago, the Court laid out abundantly clear instructions for Plaintiff explaining how to bring his filings into compliance. Dkt. No. 267 at 8-9. Nonetheless, Plaintiff has generally refused to abide by these instructions, as well as Judge Aaron's discovery orders, despite months of repeated warnings that harsh sanctions **would be coming**, including **dismissal of his case with prejudice**. *See, e.g.,* Dkt. Nos. 267, 277, 283, 286, 288, 294, 298, 306, 309. Plaintiff has shown no sign of changing and has instead chosen to ignore these warnings.[1] Plaintiff has had ample opportunity to be heard on the sanction of dismissal, including through objections to Judge Aaron's Report & Recommendations and an additional round of briefing permitted by the Court. Dkt. Nos. 319, 321, 322. As discussed next, none of Plaintiff's objections to dismissal are persuasive.

### 2. Plaintiff's arguments against dismissal fall short

---

[1] As discussed above, the Court stated clearly in its previous order that Plaintiff was not to make any filings other than a response in support of his objection, and that failure to abide by these instructions would support dismissal with prejudice. Dkt. No. 319. In response, Plaintiff immediately filed a motion with no legal basis for the Court to "reconsider" approximately nine of the Court's previous orders, most of which were already denying motions for reconsideration. Dkt. No. 320.

The Court will respond only to "those portions of the . . . recommendations to which objection is made." *United States v. Male Juvenile* (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997) (quoting 28 U.S.C. § 636(b)(1)). Plaintiff objects to Judge Aaron's recommendation of dismissal on various grounds, all of which fail.

First, Plaintiff argues that dismissal is "a drastic or harsh remedy that should only be imposed in rare situations" and that Judge Aaron "has failed to consider any less drastic remedies such as sanctions." Dkt. No. 332 at 16. It is true that dismissal of a *pro se* plaintiff's complaint with prejudice is a drastic remedy and should not be imposed if other alternatives would be appropriate. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). But "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). As discussed above, this case presents one of the rare and "extreme situations" where dismissal with prejudice is warranted. *Lucas*, 84 F.3d at 535. Through his blatant disregard of the Court's clear instructions and warnings, Plaintiff has demonstrated that his behavior is not the result of his lack of training or ignorance of the law as a *pro se* litigant, but rather the result of willfulness to defy the Court's authority and the basic rules of the judicial system. In such cases, "any lesser sanction would be an exercise in futility" and dismissal with prejudice is appropriate. *Coach, Inc. v. O'Brien*, 10 Civ. 6071 JPO JLC, 2012 WL 1255276, at *9 (S.D.N.Y. Apr. 13, 2012) (cleaned up).

Second, Plaintiff argues that his behavior does not warrant dismissal because he has a "legal right to challenge a biased court order[.]" Dkt. No. 332 at 17. To the contrary, Plaintiff has no right to file motions with no legal basis, i.e., that are not "warranted by existing law" and

7

are "frivolous[,]" nor does he have a right to make filings that violate the Court's orders. *See* Fed. R. Civ. P. 11(b)(3); 41(b).

Third, Plaintiff argues that his filings were "directed towards Judge Nathan" and that Judge Aaron did not have the authority to rule on them. Dkt. No. 322 at 17. This is incorrect. The Court referred this case to Judge Aaron for general pretrial management and Judge Aaron has properly ruled on all motions that fall within the scope of that referral. That Plaintiff decided to address some of these motions to the Undersigned instead of Judge Aaron does not have any effect on Judge Aaron's authority to rule on them. Moreover, the Court has provided Plaintiff with painstakingly clear instructions for how to challenge Judge Aaron's orders and the orders of the Court, *see* Dkt. No. 314 at 3-4, yet Plaintiff has chosen to ignore those instructions and routinely make frivolous filings that do not comport with the Court's procedural rules, such as a "Motion to Vacate." *See, e.g.,* Dkt. Nos. 285, 295, 315.

Fourth, Plaintiff objects to the Report & Recommendation on the grounds that Judge Aaron "**failed** to review each of the five factors" relevant to dismissal under 41(b). Dkt. No. 322 at 19. This claim is demonstrably false. Judge Aaron carefully analyzed each of the factors required by law to determine the appropriateness of dismissal. *See* Dkt. No. 314 at 9-12. Moreover, the Court holds that the 41(b) factors warrant dismissal for the reasons that Judge Aaron stated in his Report & Recommendation and for the reasons stated in this opinion.

Lastly, Plaintiff objects to the Report & Recommendation by making personal attacks, insults, and accusations of bias against Judge Aaron and declaring that his judgments are invalid. Dkt. No. 332 at 17-18. Rather than cut against sanctions, this is the precise kind of behavior that supports dismissal. The remaining arguments made in Plaintiffs' objection do not address the topic of sanctions, as the Court ordered, but instead go to the merits of his complaint or other

motions not addressed in Judge Aaron's Order and Report & Recommendation and therefore are not appropriately before the Court.

\* \* \*

In light of Plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of his action," dismissal with prejudice under Rule 37 and 41(b) is appropriate. *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994).

### 3. Effect of dismissal

Plaintiff is warned that this dismissal pursuant to 41(b) and 37 is an adjudication on the merits. *See Zappin v. Collazo,* No. 19 CIV. 10573 (LGS), 2020 WL 5646496, at *4 (S.D.N.Y. Sept. 22, 2020); *Papilsky v. Berndt*, 466 F.2d 251, 255 (2d Cir. 1972). This means that Plaintiff will not be able to get a second bite at the apple before a different judge. Plaintiffs' claims will be subject to the doctrine of *res judicata*, which "precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015). Further, Plaintiff is warned that continuing his behavior in future cases could result in an anti-filing injunction, which is where a court decides to "restrict a litigant's future ability to sue" because they have a "history of vexatious litigation" and are "likely to continue to abuse the judicial process." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713-14 (2d Cir. 2019).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's July 26, 2021 motion is DENIED, Plaintiff's objections to Judge Aaron's order are OVERRULED, and the Court adopts the Report &

Recommendation in full and DISMISSES Plaintiff's complaint with prejudice. This resolves Dkt. Nos. 315, 317, and 320. The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge